[No. H035418. Sixth Dist. Mar. 17, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE JUAN PACHECO, JR., Defendant and Appellant.

**COUNSEL**

William M. Robinson, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Michael E. Banister, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RUSHING, P. J.**—Defendant Jose Juan Pacheco, Jr., brings this appeal from a judgment convicting him of assault. He contends that the trial court erred by (1) treating a juvenile court adjudication as a strike prior for purposes of the "Three Strikes" law and (2) determining the sentence credits to which he was entitled. The first claim of error is defeated by binding precedent. The second is conceded by respondent. We will direct a modification in accordance with the concession and affirm the judgment as so modified.

## Background

Defendant was charged by amended complaint with first degree robbery in concert (Pen. Code, § 213, subd. (a)(1)(A)) and assault with intent to commit forcible oral copulation (Pen. Code, § 220). It was further alleged that he had sustained a juvenile court adjudication for having committed a violation of Penal Code section 186.22 while he was over the age of 16 years. Pursuant to plea agreement, the court orally amended the complaint to allege the commission of assault with force likely to cause great bodily injury in violation of Penal Code section 245, subdivision (a)(1). Defendant pled guilty to this charge. The plea agreement contemplated that the alleged prior would be tried by the court on the juvenile court record prior to sentencing.[1]

Defendant moved to strike the prior adjudication both in an exercise of the court's discretion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], and on the ground that reliance on juvenile court adjudications to enhance punishment under the Three Strikes law offended federal constitutional principles concerning the right to jury trial, the nature of permissible juvenile court proceedings, and the use of prior convictions to enhance punishment. (See *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348]; *Roper v. Simmons* (2005) 543 U.S. 551, 569 [161 L.Ed.2d 1, 125 S.Ct. 1183]; *Jones v. United States* (1999) 526 U.S. 227, 249 [143 L.Ed.2d 311, 119 S.Ct. 1215].) The trial court denied the motion to strike the prior adjudication, and sentenced defendant under the Three Strikes law to the mitigated term of four years in prison. The court allowed 546 days of presentence confinement credit, consisting of 364 actual days and 182 conduct days. Defendant filed this timely appeal.

## Discussion

■ Defendant concedes that his challenge to the use of the juvenile adjudication runs afoul of paramount authority, namely, *People v. Nguyen* (2009) 46 Cal.4th 1007 [95 Cal.Rptr.3d 615, 209 P.3d 946], which held that

---

[1] The court later described the matter slightly differently: "[U]nder the unusual circumstances earlier, the defendant admitted that he was adjudicated in the juvenile court of a particular offense, and we left it for today's date for the Court to confirm the characterization that it is qualified as a so-called strike prior." Although defense counsel argued that the juvenile adjudication did not qualify as a strike, he did not challenge the premise that defendant had in fact sustained the adjudication. No issue is raised before us concerning the court's ultimate finding that defendant had sustained a qualifying juvenile adjudication.

juvenile adjudications may serve as strikes even though there is no right to a jury trial in juvenile court. As defendant acknowledges, we are absolutely bound by that decision under the rule of *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]. This makes it a "foregone conclusion," as defendant concedes, that we must reject his challenge to the trial court's use of the juvenile conviction as a strike prior.

Defendant next contends that the trial court erred by allowing him presentence conduct credits at the rate of only one day's credit for two days served, rather than one day's credit for one day served. The higher rate is prescribed by Penal Code former section 4019, as amended effective January 25, 2010, unless defendant comes within a statutory exception. (See Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50, eff. Jan. 25, 2010.) The only arguably applicable exception is the one for defendants who have sustained "a prior conviction for a serious felony, as defined in Section 1192.7, or a violent felony, as defined in Section 667.5." (Pen. Code, former § 4019, subds. (b)(2), (c)(2).) However, defendant contends that this exception is inapplicable by its terms because his prior juvenile adjudication is not a "conviction." (See Welf. & Inst. Code, § 203 ["An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose . . . ."]; *People v. West* (1984) 154 Cal.App.3d 100, 106 [201 Cal.Rptr. 63] [juvenile adjudication for serious felony did not support enhancement under Prop. 8 for one " 'convicted of a serious felony' "]; *People v. Westbrook* (2002) 100 Cal.App.4th 378, 382, 385 [122 Cal.Rptr.2d 514] [same, drug treatment disqualification under Prop. 36 for one " 'previously has been convicted of one or more serious felonies' " (italics omitted)].)

Respondent concedes the error. The concession is well taken. Accordingly we will direct a modification of the judgment to allow the higher ratio of conduct credits.

### DISPOSITION

The judgment is modified to allow 364 days' credit for actual days served plus 364 days' conduct credits, for total credit of 728 days. The trial court is

directed to prepare an amended abstract of judgment and forward the same to the proper correctional authorities. The judgment as so modified is affirmed.

Premo, J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 20, 2011, S193362.