Filed 4/30/13  P. v. Colbourn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ORIN COLBOURN,<br><br>    Defendant and Appellant. | C069946<br><br>(Super. Ct. No. 10F02636) |

Defendant Orin Colbourn pled no contest to an April 2010 offense of reckless driving while eluding a pursuing peace officer (Veh. Code, § 2800.2, subd. (a)) and admitted a 2003 juvenile strike adjudication of assaulting a police officer (Pen. Code, §§ 245, subd. (c), 667, subds. (b)-(i), 1170.12).  In exchange, seven related counts were dismissed.  Defendant was sentenced to state prison for the midterm of two years, doubled for the prior strike, and was awarded 552 days of custody credit and 276 days of conduct credit.

1

On appeal, defendant contends that, as a matter of federal constitutional law, his prior juvenile adjudication cannot qualify as a strike. He submitted, but later withdrew, his contention that he was entitled to additional custody and conduct credit.[1] We affirm the judgment.

FACTS

The facts of defendant's offenses are not at issue and need not be set forth in this opinion.

DISCUSSION

Defendant contends the trial court erred, in violation of his Sixth Amendment right to jury trial and his Fourteenth Amendment right to due process, when it concluded his 2003 juvenile adjudication qualified as a prior serious felony strike conviction for the purpose of increasing his maximum punishment.

As defendant acknowledges, the California Supreme Court rejected his contention in *People v. Nguyen* (2009) 46 Cal.4th 1007 at pages 1010-1019. Defendant recognizes *Nguyen* is binding upon this court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455; see *People v. Pacheco* (2011) 194 Cal.App.4th 343, 345-346.) Accordingly, his contention has no merit.

---

[1] Defendant also raised the credit issue by motion in the trial court. Defendant subsequently advised this court his motion in the trial court was granted and an amended abstract of judgment was filed with the correct credits: 554 days of custody credit and 554 days of conduct credit. We granted his request to withdraw this argument.

DISPOSITION

The judgment is affirmed.

                                     HOCH          , J.

We concur:

    NICHOLSON    , Acting P. J.

       MURRAY    , J.