Filed 9/8/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F068671 |
| Plaintiff and Respondent, | (Super. Ct. No. 59175) |
| v. | |
| BARNEY ARIAS, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County. Thomas D. Zeff, Judge.

Dale Dombkowski, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Penal Code section 1170.126[1] enumerates the criteria for postconviction release of third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. Excluded from resentencing are those inmates with prior convictions for "any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).) "Any homicide … defined in Sections 187 to 191.5, inclusive" is one such offense. (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV).)

Barney Arias (defendant), an inmate serving a term of 26 years to life following conviction of felonies that were not violent (as defined by § 667.5, subd. (c)) or serious (as defined by § 1192.7, subd. (c)), filed a petition for resentencing under section 1170.126, subdivision (b). He has a prior juvenile adjudication for murder (§ 187). The trial court found him ineligible for resentencing and denied the petition.

On appeal, defendant argues his prior juvenile adjudication should not render him ineligible for resentencing because Welfare and Institutions Code section 203 precludes juvenile adjudications from being "deemed a conviction" "for any purpose."

We hold a juvenile adjudication that constitutes a conviction for purposes of sentencing under the three strikes law (§§ 667, subd. (d)(3), 1170.12, subd. (b)(3)), also constitutes a conviction for purposes of determining eligibility for three strikes resentencing under section 1170.126, subdivision (e). As defendant's prior juvenile adjudication is such a conviction, and is for one of the offenses listed in section 667, subdivision (e)(2)(C)(iv) and/or section 1170.12, subdivision (c)(2)(C)(iv), we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

In 1996, an information was filed in Stanislaus County Superior Court, charging defendant with possession of heroin for sale (Health & Saf. Code, § 11351; count I) and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

possession of heroin (*id.*, § 11350; count II). As to each count, it was alleged defendant had suffered two prior "strikes" under the three strikes law (§§ 667, subd. (d), 1170.12, subd. (b)): a conviction for robbery (§ 212.5), and a juvenile adjudication for murder (§ 187). Defendant was further alleged to have served a prior prison term. (§ 667.5, subd. (b).) Defendant pled guilty as charged and admitted all special allegations. His motion to strike the prior juvenile adjudication was denied. In 1997, defendant was sentenced to a total unstayed term of 26 years to life in prison.

In 2013, defendant filed a petition under section 1170.126. Defendant alleged he satisfied the eligibility criteria, and asked the trial court to recall his current indeterminate life sentence and resentence him to a determinate term as a second strike offender. The People opposed the petition on the ground defendant's prior juvenile adjudication rendered him ineligible for resentencing. The People presented documentation showing defendant received a juvenile commitment to what was then the California Youth Authority for second degree murder. They also argued that, shortly before defendant pled guilty to his commitment offenses, the trial court ruled the prior juvenile adjudication was properly charged as a strike prior under section 667, subdivision (d)(3); hence, the doctrine of res judicata barred defendant from obtaining relief. Defendant responded that his prior juvenile adjudication posed no bar to his resentencing because it was not a "conviction" for purposes of section 1170.126, subdivision (e)(3).

After further briefing, the trial court denied defendant's petition.[2] It stated: "The Court concludes that the petition for re-sentencing should be denied and is denied as a result of [defendant's] prior violent felony offense and murder, which, while committed as a juvenile, qualifies and has been deemed to have been a strike and confirmed as a strike not only by the trial court but by the Court of Appeal, and the Court finds it would

---

[2] The judge who originally sentenced defendant was no longer on the bench at the time the resentencing petition was filed. Accordingly, another judge was assigned to rule on the petition. (See § 1170.126, subd. (j).)

be totally incongruent for that to qualify as a strike and not disqualify him for re-sentencing."

## DISCUSSION

The Three Strikes Reform Act of 2012 (hereafter Proposition 36 or the Act) created a postconviction release proceeding for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. If such an inmate meets the criteria enumerated in section 1170.126, subdivision (e), he or she will be resentenced as a second strike offender unless the trial court determines such resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.)

In addition to creating a postconviction resentencing proceeding, the Act amended sections 667 and 1170.12. (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 167.) Defendants being sentenced for an offense that is not a serious or violent felony, who have two or more prior serious and/or violent felony convictions as defined in subdivision (c) of section 667.5 or subdivision (c) of section 1192.7, shall be sentenced to twice the determinate term otherwise provided as punishment for the current felony conviction, instead of to an indeterminate term of life in prison. (§§ 667, subd. (e)(1) & (2)(C), 1170.12, subd. (c)(1) & (2)(C).) However, if the prosecution pleads and proves certain enumerated facts, one of which is a prior felony conviction for any homicide offense defined in section 187, the sentence shall be an indeterminate term of life imprisonment. (§§ 667 subd. (e)(2)(A) & (C)(iv)(IV), 1170.12, subd. (c)(2)(A) & (C)(iv)(IV).)

Defendant does not claim his juvenile adjudication for murder failed to meet the criteria to be deemed a strike under sections 667, subdivision (d)(3) and 1170.12, subdivision (b)(3).[3] His argument, as stated *ante*, is that it does not constitute a

---

[3]    The portions of the record of defendant's juvenile adjudication that were presented by the People in conjunction with their opposition to resentencing, show defendant was

4.

"conviction" for purposes of section 1170.126 because Welfare and Institutions Code section 203 precludes juvenile adjudications from being "deemed a conviction" "for any purpose." [4]

As provided in section 667, subdivision (d)(3), "[a] prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction for purposes of sentence enhancement [under the three strikes law] if: [¶] (A) The juvenile was 16 years of age or older at the time he or she committed the prior offense. [¶] (B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a serious and/or violent felony.[5] [¶] (C) The juvenile was found

declared a ward of the court and committed to the Youth Authority for second degree murder involving the personal use of a deadly weapon, and that murder was an offense listed in Welfare and Institutions Code section 707, subdivision (b). Since no express fitness finding was required (*People v. Davis* (1997) 15 Cal.4th 1096, 1098, 1101-1102), the record establishes all requirements for deeming the adjudication a strike, except defendant's age at the time he committed the murder (see *People v. Garcia* (1999) 21 Cal.4th 1, 6-7). The minutes of the disposition hearing show the petition was filed October 1, 1984. According to the complaint filed with respect to defendant's commitment offenses, defendant's date of birth is September 7, 1968, making him 16 years old when the petition was filed. The record does not show the date the murder was committed, however. Nevertheless, defendant's juvenile adjudication was alleged as a strike in the information that gave rise to defendant's current sentence, and defendant admitted the allegations as charged in the information. Accordingly, he is bound by that admission. (*People v. Jones* (2009) 178 Cal.App.4th 853, 859, fn. 3; see *People v. Jackson* (1985) 37 Cal.3d 826, 836, overruled on another ground as stated in *People v. Burton* (1989) 48 Cal.3d 843, 863.)

[4] Even though we conclude defendant is not eligible for resentencing, the trial court's denial of his petition is an appealable order. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.)

[5] Paragraph (1) of subdivision (d), section 667 covers any offense defined in section 667.5, subdivision (c) as a violent felony, or in section 1192.7, subdivision (c) as a serious felony. Murder is defined as both (§§ 667.5, subd. (c)(1), 1192.7, subd. (c)(1)), and is also listed in Welfare and Institutions Code section 707, subdivision (b)(1).

Paragraph (2) of subdivision (d), section 667 covers convictions in other jurisdictions for offenses that, if committed in California, would fall within the provisions of section 667.5, subdivision (c) and/or section 1192.7, subdivision (c).

to be a fit and proper subject to be dealt with under the juvenile court law. [¶] (D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code."[6]

In contrast to sections 667, subdivision (d) and 1170.12, subdivision (b), section 1170.126, subdivision (e)(3) contains no language expressly including juvenile adjudications in the term "convictions" and, in most situations, "[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose .…" (Welf. & Inst. Code, § 203.) The provisions of the three strikes law, however, expressly apply notwithstanding any other law (§§ 667, subd. (d), 1170.12, subd. (b)), thus evidencing the Legislature's and electorate's intent that they prevail over all contrary law (see *In re Greg F.* (2012) 55 Cal.4th 393, 406). Accordingly, Welfare and Institutions Code section 203 is superseded in the three strikes context. (See, e.g., *People v. Pacheco* (2011) 194 Cal.App.4th 343, 345-346 [juvenile adjudication could serve as strike, but was not prior conviction for purposes of former § 4019's presentence conduct credit limitation]; *People v. Westbrook* (2002) 100 Cal.App.4th 378, 380-381, 383-385 [juvenile adjudication could serve as strike, but was not prior conviction for purposes of determining drug rehabilitation program treatment right under § 1210 et seq.]; cf. *People v. Nguyen* (2009) 46 Cal.4th 1007, 1010, 1021-1023 [juvenile adjudication can constitutionally be used as strike despite lack of right to jury trial in juvenile proceeding].) We explained in *People v. Fowler* (1999) 72 Cal.App.4th 581, 586: "By enacting the three strikes law, the Legislature has not transformed juvenile adjudications into criminal convictions; it simply has said that, under specified

---

**6** Section 1170.12, subdivision (b)(3) contains the same requirements, worded slightly differently. The minor differences that exist between the legislative version of the three strikes law (§ 667, subds. (b)-(i)) and the initiative measure (§ 1170.12, subds. (a)-(e)) do not affect our analysis of defendant's claim.

circumstances, a prior juvenile adjudication may be used as evidence of past criminal conduct for the purpose of increasing an adult defendant's sentence."

In *People v. Osuna* (2014) 225 Cal.App.4th 1020, we observed that in determining eligibility for resentencing under section 1170.126, as in interpreting any statute, "[t]he literal language … does not prevail if it conflicts with the lawmakers' intent …. [Citations.]" (*People v. Osuna*, *supra*, at pp. 1033-1034.) We explained that "'[i]n interpreting a voter initiative like [the Act], we apply the same principles that govern statutory construction. [Citation.]' [Citation.] '"The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]"' [Citation.] The issue is one of the interpretation of a statute and its applicability to a given situation, a question of law we review independently. [Citations.]" (*Id*. at p. 1034.) We cautioned that "'"'[t]he meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]'"' [Citation.] '"[W]e do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" [Citation.]' [Citation.]" (*Id*. at p. 1035.)

The express purpose of the Act was "'to restore the original intent of California's Three Strikes law — imposing life sentences for dangerous criminals like rapists, murderers, and child molesters.'" (Historical and Statutory Notes, 49 West's Ann. Pen. Code (2015 supp.) foll. § 667, p. 54.) In part, this was to be achieved by "'[r]equir[ing] that murderers, rapists, and child molesters serve their full sentences ….'" (*Ibid*.) Since the Act did not merely add section 1170.126 to the Penal Code, but also amended sections 667 and 1170.12, section 1170.126 cannot be examined in isolation but must be construed in the context of the three strikes law, as amended by the Act, as a whole.

The circumstances under which a juvenile adjudication constitutes a "conviction" for purposes of the three strikes law, as set out in sections 667, subdivision (d)(3) and 1170.12, subdivision (b)(3), were not altered in any substantive manner by the Act. (See Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of proposed laws, pp. 106, 108.) Construing section 1170.126, subdivision (e)(3) in the context of, and in harmony with, those provisions, it is clear the electorate intended "convictions," as used in that section, to mean "convictions" as defined in sections 667, subdivision (d) and 1170.12, subdivision (b). To hold otherwise would lead to an absurd result: A person whose current conviction was not a serious or violent felony, but who had two prior strike convictions, one of which was a juvenile adjudication for murder, would be disqualified from being *sentenced* as a second strike offender under section 667, subdivision (e)(2)(C)(iv)(IV) and would receive an indeterminate term of 25 years to life pursuant to section 667, subdivision (e)(2)(A)(ii). That same person would *not*, however, be disqualified from having that indeterminate sentence recalled and being *resentenced* as a second strike offender under section 1170.126, subdivision (e).

Accordingly, it is readily apparent that where, as here, a prior juvenile adjudication constitutes "a prior serious and/or violent felony conviction" for purposes of sentencing under the three strikes law (§§ 667, subd. (d)(3), 1170.12, subd. (b)(3)), it also constitutes a "prior conviction" for purposes of determining eligibility for resentencing under section 1170.126, subdivision (e). If, as in defendant's case, the prior adjudication was for one of the offenses listed in section 667, subdivision (e)(2)(C)(iv) and/or section 1170.12, subdivision (c)(2)(C)(iv), it disqualifies the petitioner from eligibility for resentencing pursuant to subdivision (e)(3) of section 1170.126.**7**

---

**7** Defendant urges us to apply the rule of lenity, under which courts must resolve doubts as to a statute's meaning in a criminal defendant's favor. (*People v. Avery* (2002) 27 Cal.4th 49, 57.) But "[t]he rule of lenity does not apply every time there are two or more reasonable interpretations of a penal statute. [Citation.] Rather, the rule applies '"only if the court can do no more than guess what the legislative body intended; there

## **DISPOSITION**

The judgment is affirmed.

_____
DETJEN, Acting P.J.

WE CONCUR:


_____
PEÑA, J.


_____
SMITH, J.

---

must be an *egregious* ambiguity and uncertainty to justify invoking the rule.'"
[Citation.]" (*People v. Manzo* (2012) 53 Cal.4th 880, 889.)  No such ambiguity or
uncertainty exists here.  "Further, ambiguities are not interpreted in the defendant's favor
if such an interpretation would provide an absurd result, or a result inconsistent with
apparent legislative intent" (*People v. Cruz* (1996) 13 Cal.4th 764, 783) as it would here.

Defendant also addressed principles of res judicata, collateral estoppel, and law of
the case.  In light of our conclusion and the fact an eligibility determination under section
1170.126 does not involve exercise of the trial court's discretion (*People v. Bradford*
(2014) 227 Cal.App.4th 1322, 1336), we need not determine whether the trial court here
improperly applied principles of res judicata (see *People v. Barragan* (2004) 32 Cal.4th
236, 252-253), collateral estoppel (see *People v. Catlin* (2001) 26 Cal.4th 81, 123-124),
and/or law of the case (see *Clemente v. State of California* (1985) 40 Cal.3d 202, 211-
212) to prior findings defendant's juvenile adjudication constituted a strike.  "'""[A]
ruling or decision, itself correct in law, will not be disturbed on appeal merely because
given for a wrong reason.  If right upon any theory of the law applicable to the case, it
must be sustained regardless of the considerations which may have moved the trial court
to its conclusion.' [Citation.]" [Citation.]' [Citation.]" (*People v. Smithey* (1999) 20
Cal.4th 936, 972.)