*730 Opinion
PEÑA, J.—
INTRODUCTION
Among other statutes, the Safe Neighborhoods and Schools Act (Proposition 47 or the Act) amended Health and Safety Code section 11377 to provide misdemeanor or felony punishment as follows: “[A person] shall be punished by imprisonment in a county jail for a period of not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code.” (Id., subd. (a).) For defendant Robert Angel Zamora’s violation of this drug possession offense, the trial court sentenced him as a felon under subdivision (h) of Penal Code section 1170[1] based on defendant’s prior juvenile adjudication for sexual battery in violation of section 243.4. An adult convicted of this offense is required to register as a sex offender under section 290, subdivision (c). Defendant contends the trial court erred by treating his juvenile adjudication as a prior “conviction” in direct contravention of Welfare and Institutions Code section 203 (“An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose . . .”). The Attorney General relies on Alejandro N. v. Superior Court (2015) 238 Cal.App.4th 1209 [189 Cal.Rptr.3d 907] (Alejandro N.) to argue the Act, in the broad sense, “applies to all aspects of juvenile proceedings” and “applies to juveniles for all purposes.” Although we agree the Act applies generally to juveniles as held in Alejandro N., we conclude the search for statutory intent in this case calls for a more narrow and limited approach, which focuses on the statutory language and settled case law interpreting this language. In turn, this approach leads us to conclude defendant’s juvenile adjudication for a violation of section 243.4 is not a prior conviction as used in Health and Safety Code section 11377 and does not disqualify him from misdemeanor sentencing.
In the unpublished portion of this opinion we reject the Attorney General’s request for dismissal of the appeal due to defendant’s failure to obtain a certificate of probable cause.
We reverse the trial court’s finding defendant’s offense constitutes a felony instead of a misdemeanor.
*731 BACKGROUND
Prior to November 5, 2014, a violation of Health and Safety Code section 11377, subdivision (a) was a “wobbler,” meaning it could be a felony or a misdemeanor, depending upon the punishment imposed. (See Pen. Code, § 17, subd. (a).) On November 4, 2014, voters enacted Proposition 47, which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a); People v. Rivera (2015) 233 Cal.App.4th 1085, 1089 [183 Cal.Rptr.3d 362].) As a result, certain drug and theft offenses are now punished as misdemeanors, unless committed by statutorily defined ineligible offenders. (People v. Gonzales (2017) 2 Cal.5th 858, 870 [216 Cal.Rptr.3d 285, 392 P.3d 437].)
Proposition 47 additionally created a process by which a person who is serving a felony sentence for an offense made a misdemeanor by the Act can petition for a recall of sentence and be resentenced to a misdemeanor. If, however, service of the felony sentence is complete, that person can petition to have the felony conviction designated as a misdemeanor. (People v. Gonzales, supra, 2 Cal.5th at p. 863, fn. 4; § 1170.18, subds. (a) & (f).) These provisions do not apply, however, “to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290.” (§ 1170.18, subd. (i).)
On March 10, 2015, a felony complaint charged defendant with possession, on or about March 9, 2015, of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a) (count 1). The complaint alleged the offense was a felony, defendant having previously suffered a conviction for an offense specified in section 667, subdivision (e)(2)(C)(iv), or for an offense requiring registration pursuant to section 290, subdivision (c), to wit, a 1999 juvenile adjudication for violation of section 243.4 (sexual bahery). Count 2 of the complaint charged defendant with unlawfully identifying himself to a police officer in violation of section 148.9, subdivision (a), a misdemeanor.
On March 23, 2015, following “extensive” unreported discussions, the trial court found defendant “not eligible for relief under section 1170.18” based on his prior offense. The court also found defendant did not have a serious or violent felony under section 667, subdivision (e), and so was eligible for felony drug probation under section 1210.1. Defendant then pled no contest to count 1 as a felony,[2] and count 2 was dismissed. Imposition of sentence was suspended, and defendant was placed on formal probation, pursuant to the provisions of section 1210.1, for three years.
*732 On May 12, 2015, the probation department requested defendant’s postre-lease community supervision (PRCS) be revoked for violation of the conditions thereof, including commission of new offenses.[3] On May 28, 2015, the probation department requested defendant’s drug probation be revoked and that he be excluded from further participation in the treatment program, based on his arrest on the new non-drug-related offenses.
On May 29, 2015, a status conference was held concerning the alleged violation of probation. Defense counsel made an oral motion to reduce defendant’s current offense to a misdemeanor on the ground the alleged prior disqualifying offense was a juvenile adjudication not a conviction (citing Welf. & Inst. Code, § 203), whereas a conviction was required to disqualify defendant from misdemeanor treatment. Because defendant was not required to register under section 290, subdivision (c) based on a juvenile adjudication, counsel pointed out defendant “does not have to register.” The prosecutor opposed the request, arguing defendant “falls under 290.008 (a) which insinuates after 1985 if you go to CYA on this type offense, you have to register. [¶] . . . [¶] I understand local authorities no longer require him to register. ... I would submit under 290 (c) where that crime appears this person is not eligible for reduction.”
The trial court denied what it referred to as “the petition.” It reasoned that under Health and Safety Code section 11377, a person remained subject to felony punishment if he or she had one or more convictions for an offense specified in Penal Code section 667, subdivision (e)(2)(C)(iv), or requiring registration under section 290, subdivision (c). The court noted section 667, subdivision (d) specified when a juvenile adjudication constituted a serious or violent felony. It found a juvenile adjudication for violating section 243.4 to be a serious or violent felony conviction for purposes of Proposition 47. Because it is listed as an offense requiring registration pursuant to section 290, subdivision (c), the court found “whether or not [defendant] has to register” to be irrelevant. Accordingly, it found defendant disqualified under Health and Safety Code section 11377 and so denied the request to reduce the current offense to a misdemeanor. The matter was then set for further hearing on the alleged probation violation, pending the outcome of defendant’s new charges in another case.
On June 3, 2015, defendant filed a notice of appeal. The notice specified the appeal was “based on the sentence or other matters occurring after the *733 plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)” No request was made for a certificate of probable cause.
DISCUSSION
I. The Appeal Is Operative, Despite the Lack of a Probable Cause Certificate*
II. Defendant’s Juvenile Adjudication Did Not Disqualify Him from Misdemeanor Sentencing Under Proposition 47
Defendant contends the trial court erred by ruling his prior juvenile adjudication for sexual battery (§ 243.4) elevated his current violation of Health and Safety Code section 11377, subdivision (a) to a felony under the Act. He points to the fact both Penal Code section 1170.18, subdivision (i) and Health and Safety Code section 11377, subdivision (a) refer, in terms of ineligibility for misdemeanor treatment, to prior convictions for specified offenses. He does not dispute an adult convicted of violating section 243.4 would be subject to sex offender registration. (§ 290, subd. (c).) Rather, he points to Welfare and Institutions Code section 203, which states: ‘“An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose . . . .” He observes courts have held a juvenile is not convicted of a present or prior offense for purposes of applying section 666 (In re Anthony R. (1984) 154 Cal.App.3d 772, 775-776 [201 Cal.Rptr. 299]), and that juvenile adjudications are not convictions for purposes of enhancement under section 667, subdivision (a) (People v. West (1984) 154 Cal.App.3d 100, 106-110 [201 Cal.Rptr. 63]). He acknowledges ‘“a juvenile adjudication that constitutes a conviction for purposes of sentencing under the three strikes law [citations] also constitutes a conviction for purposes of determining eligibility for three strikes resentencing under section 1170.126, subdivision (e).” (People v. Arias (2015) 240 Cal.App.4th 161, 165 [192 Cal.Rptr.3d 432] (Arias).) He correctly notes, however, unlike the juvenile offense at issue in Arias, sexual battery does not constitute a serious or violent felony (§§ 667.5, subd. (c), 1192.7, subd. (c)) and is not listed in Welfare and Institutions Code section 707, subdivision (b), and so it does not constitute a strike (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)).
We agree the resentencing scheme contained in section 1170.126, and at issue in Arias, is not identical to that contained in Proposition 47. However, that does not end our inquiry nor our search for statutory intent. We begin our analysis with a broader context view of Proposition 47.
*734 In Alejandro N., supra, 238 Cal.App.4th 1209, the court held: ‘“[T]he offense reclassification provisions set forth in section 1170.18 apply to juveniles. Welfare and Institutions Code section 602 provides for a minor to be declared a ward of the juvenile court when the minor commits a crime set forth in the Penal Code and other codes defining criminal offenses primarily in the adult criminal context. The section thereby incorporates the entire body of laws defining criminal offenses as the basis for juvenile wardship jurisdiction. Accordingly, when a criminal offense is reclassified from a felony to a misdemeanor in the adult context—as occurred under Proposition 47—the reclassification likewise applies in juvenile wardship proceedings. By adding section 1170.18 to the Penal Code, the Proposition 47 voters made this felony-to-misdemeanor reclassification available to qualifying offenders on a retroactive basis. Thus, section 1170.18 concerns the very same offenses that are incorporated into the juvenile wardship proceedings via Welfare and Institutions Code section 602, and it follows that section 1170.18’s offense reclassification provisions are equally applicable to juvenile offenders.” (Id. at pp. 1216-1217.) The court determined voters intended Proposition 47 to apply, in the broader context, to juveniles. (Alejandro N., at pp. 1224-1225.)
This case does not ask us to determine the reach and breadth of Proposition 47’s application to juvenile proceedings generally. The issue before us is whether defendant was disqualified from misdemeanor treatment under Health and Safety Code section 11377 because his juvenile adjudication of a violation of Penal Code section 243.4 was intended by the voters to serve as a “prior conviction.” (See In re Derrick B. (2006) 39 Cal.4th 535, 543 [47 Cal.Rptr.3d 13, 139 P.3d 485] [“Here there is no broader context to expand upon the clear language chosen by the [voters].”) Like Arias, Alejandro N. does not answer this question. However, there are two noteworthy cases, though distinguishable, which have spoken on a similar issue.
Recently, the court in People v. Sledge (2017) 7 Cal.App.5th 1089, 1098 [213 Cal.Rptr.3d 265], held “[s]ome felony juvenile adjudications are disqualifying ‘prior convictions’ for Proposition 47 purposes under section 1170.18(i) as a matter of law.” In determining legislative intent, the court looked to the actual language of section 1170.18, subdivision (i), and explained as follows:
“ ‘The provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290.’ (Italics added.)
“In turn, clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of section 667 (section 667(e)(2)(C)(iv)) applies when: ‘The defendant *735 suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies.’ (Italics added.) The list of felonies includes various sex, violence and homicide offenses, which are sometimes referred to as ‘super strikes.’ (See People v. Zamarripa (2016) 247 Cal.App.4th 1179, 1183 [202 Cal.Rptr.3d 525] (Zamarripa).)
“Finally, subdivision (d)(3) of section 667 (section 667(d)(3)) provides: ‘A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction for purposes of sentence enhancement if: [¶] (A) The juvenile was 16 years of age or older at the time . . . . [¶] (B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a serious and/or violen t felony. [¶] (C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law. [¶] (D) The juvenile was adjudged a ward of the juvenile court . . . because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code.’ (Italics added.)
“Reading these statutes together, and giving the unambiguous words in them their usual and ordinary meaning, we conclude a felony juvenile adjudication is a disqualifying prior conviction within the meaning of section 1170.18(i): if it is one of the super strike offenses listed in section 667(e)(2)(C)(iv); if it is either an offense listed in Welfare and Institutions Code section 707, subdivision (b), or an offense described in section 667(d), paragraph (1) or (2) as a serious or violent felony; and if all of the other conditions set out in section 667(d)(3) are satisfied.
“Our conclusion that these specific felony juvenile adjudications are disqualifying prior convictions under section 1170.18(i) is consistent with at least one of the voter’s expressed intents in enacting Proposition 47. ‘Among its stated purposes is to “[e]nsure that people convicted of murder, rape, and child molestation will not benefit from this act.” [Citation.]’ (Zamarripa, supra, 247 Cal.App.4th at p. 1182.)” (People v. Sledge, supra, 1 Cal.App.5th at pp. 1099-1100.)
In Sledge, the prior juvenile adjudication at issue was for forcible rape. (People v. Sledge, supra, 7 Cal.App.5th at p. 1093.) The court then concluded:
“Defendant argues juvenile adjudications are not disqualifying prior convictions because section 1170.18(i) does not expressly refer to juvenile adjudications, and because juvenile adjudications have historically been treated differently than adult criminal convictions. We do not agree.
*736 “ ‘Since the definition of “conviction of a serious and/or violent felony” contained in section 667(d) is incorporated ... in section 1170.18(i), and since that definition specifically includes designated juvenile adjudications, ... a person who has been adjudicated for an offense listed in section 667(d)(3) will be excluded .... While juvenile “adjudications” and adult “convictions” are distinguished in many other contexts, for the purposes of the exclusion under section 1170.18(1), they are treated the same.’ (Couzens & Bigelow, Proposition 47: ‘The Safe Neighborhoods and Schools Act’ (May 2016) § III.A., p. 18 <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Jan. 25, 2017], italics added.)” (People v. Sledge, supra, 7 Cal.App.5th at p. 1100.)[8]
A violation of section 243.4 is not one of the so-called “super strike” offenses listed in section 667, subdivision (e)(2)(C)(iv).[9] Furthermore, while it is an offense requiring adults to register under section 290, subdivision (c), section 290.008, not section 290, governs the registration requirements of juvenile offenders. Section 290.008 does not include section 243.4 on its list of offenses requiring registration. (See § 290.008, subd. (c).) Thus, this case is distinguishable from People v. Sledge because defendant’s juvenile adjudication does not meet the requirements for an offense listed in section 667, subdivision (d)(3).
We conclude defendant’s juvenile adjudication for an offense not listed in section 667, subdivision (d) or (e) did not elevate his current drug possession conviction to a felony under Proposition 47. (Health & Saf. Code, § 11377, subd. (a); Pen. Code, § 1170.18, subd. (i).) In doing so, we do not disagree *737 with the reasoning of Alejandro N. that Proposition 47 applies to juvenile proceedings generally. However, another recent case is more helpful to us in reaching our conclusion.
In People v. Dunn (2016) 2 Cal.App.5th 153 [206 Cal.Rptr.3d 173] (Dunn), the defendant was 14 years old when he allegedly committed two acts of forcible rape in concert with another and three acts of forcible sexual penetration. The court found the allegations true, adjudged him a ward of the court, and committed him to the California Youth Authority for a 54-year term. Following his discharge, Dunn was required to register as a sex offender under current section 290.008. (Dunn, supra, at p. 155.) As an adult, Dunn committed felonies that landed him in prison, including a robbery strike offense. Eventually, Dunn committed a felony petty theft with a prior in violation of section 666 and was sentenced back to prison for 32 months. After the passage of Proposition 47, Dunn petitioned to have his petty theft conviction reduced to a misdemeanor under the Act. (Dunn, at p. 156.)
Section 666 is one of the sections amended by Proposition 47. However, the amendment of section 666 did not add a conviction requirement for exclusion of sex offenders. As stated in Dunn, offenders are disqualified from misdemeanor treatment if they “are ‘required to register pursuant to the Sex Offender Registration Act [§§ 290-290.024].’ (§ 666, subd. (b).) Juvenile sex offender registry is part of the Sex Offender Registration Act. (§ 290.008.)” (Dunn, supra, 2 Cal.App.5th at p. 156.) Thus, unlike Health and Safety Code section 11377, Penal Code section 666 does not require a prior “conviction” for an offense requiring registration pursuant to subdivision (c) of section 290. As the Dunn court noted:
“Petty theft with a prior is not a misdemeanor under the Act for those who are ‘required to register pursuant to the Sex Offender Registration Act [§§ 290-290.024].’ (§ 666, subd. (b).) Juvenile sex offender registry is a part of the Sex Offender Registration Act. (§ 290.008.)
“If the electorate intended to make only adult offenders ineligible for relief under section 666, it knew how to do so. (Health & Saf. Code, §§ 11350, 11357, 11377; Pen. Code, §§459.5, 473, 476a, 490.2, 496, 1170.18, subd. (i).) A person is ineligible for relief under the other Proposition 47 statutes only if they are a person with one or more convictions ‘for an offense requiring registration pursuant to subdivision (c) of [s]ection 290 [adult sex offender registration].’ (Health & Saf. Code, §§ 11357, 11377; Pen. Code, § 1170.18, subd. (i); see Health & Saf. Code, § 11350; Pen. Code, §§ 459.5, 473, 476a, 490.2, 496; In re Derrick B.[, supra,] 39 Cal.4th 535, 540.)
“Dunn asks us to construe section 666 to make only adult sex offenders ineligible. He contends this would best effectuate the electorate’s intent; it is *738 required by the rule of lenity; the disparity between section 666 and other Proposition 47 statutes reflects a drafting error; and the disparity violates state and federal equal protection principles. We disagree with each of these contentions.
“The electorate’s intent to withhold relief from juvenile sex offenders who commit serial thefts is unambiguously expressed in section 666. (People v. Canty (2004) 32 Cal.4th 1266, 1276 [14 Cal.Rptr.3d 1, 90 P.3d 1168] [Tf the language is clear and unambiguous, we follow the plain meaning of the measure’].) The rule of lenity does not apply because section 666 is not reasonably susceptible to two constructions. (People v. Avery (2002) 27 Cal.4th 49, 58 [115 Cal.Rptr.2d 403, 38 P.3d 1].) A person is disqualified if they are ‘required to register under the Sex Offender Registration Act [§§ 290-290.024].’ (§ 666, subd. (b).) Section 666 does not reflect a drafting error; there is no compelling evidence the electorate intended a different result. (People v. Garcia (1999) 21 Cal.4th 1, 6 [87 Cal.Rptr.2d 114, 980 P.2d 829] [we may reform a statute only ‘when compelled by necessity and supported by firm evidence of the drafters’ true intent’].) The electorate advanced its goal of ‘[r]equir[ing] misdemeanors ... for nonserious, nonviolent crimes like petty theft and drug possession,’ while withholding relief from all sex offenders who commit serial theft. (Prop. 47, § 3, subd. (3); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70.)
“Section 666 does not violate equal protection guarantees because juvenile sex offenders who commit recidivist theft crimes and juvenile sex offenders who commit other Proposition 47 crimes are not similarly situated.” (Dunn, supra, 2 Cal.App.5th at pp. 156-157.)
Of course, Dunn did not address the specific issue we confront here. Nonetheless, its logic in construing the statute before it vis-a-vis the other statutes amended by the Act is undeniable, and it works equally well both ways. This is true because the rules of statutory construction guide the analysis. As stated in In re Derrick B., supra, 39 Cal.4th 535:
“The well-settled objective of statutory construction is to ascertain and effectuate legislative intent. [Citations.] To determine that intent, we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.] When the statutory language is clear, we need go no further. If, however, the language supports more than one reasonable interpretation, we look to a variety of extrinsic aids, including the objects to be achieved, the evils to be remedied, the legislative history, the statutory scheme of which the statute is a part, and contemporaneous administrative construction, as well as questions of public policy. [Citations.]
*739 “Under section 290, subdivision (a)(2)(E), a court may order registration for unlisted offenses if it ‘finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification.’ (Italics added.) This language is clear. ‘Conviction’ and ‘sentencing’ are terms of art usually associated with adult proceedings. Because the Legislature used these terms, we construe this subdivision as applying only in cases of adult convictions.
“In People v. Burton (1989) 48 Cal.3d 843 [258 Cal.Rptr. 184, 111 P.2d 1270] (Burton), we held that a capital defendant’s prior juvenile adjudications, though serious offenses, were not prior felony convictions within the terms of section 190.3, factor (c). As we explained: ‘Welfare and Institutions Code section 203 provides that “[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding.” This court and the Courts of Appeal have consistently agreed that adjudications under Welfare and Institutions Code section 602 are not criminal convictions. [Citations.]’ (Burton, at p. 861, italics added.)
“ ‘We must assume that the voters, when they enacted section 190.3, were aware of Welfare and Institutions Code section 203 and judicial constructions of its terms. [Citation.] With such an awareness, the voters cannot have intended the term “prior felony conviction” contained in section 190.3, factor (c) to refer to juvenile court adjudications. We employ a presumption that when the language of a statute uses a term that has been judicially construed, the term is used in the precise sense which the court gave it. [Citation.]’ ” (In re Derrick B., supra, 39 Cal.4th at pp. 539-540, fns. omitted.)
Here, too, the electorate adopted statutory language requiring a “conviction.” When it did so, Welfare and Institutions Code section 203 unequivocally provided a juvenile adjudication “shall not be deemed a conviction” for any purpose. At the same time, the Act did not amend section 666 to require a conviction for disqualification purposes. The ineluctable conclusion is the electorate did not intend a “conviction” for purposes of Health and Safety Code section 11377’s sex offender registration exclusion to include a juvenile adjudication, absent the existence of additional disqualifying factors.
Furthermore, one of the purposes for enacting Proposition 47 was to lessen punishment for “nonserious, nonviolent crimes like petty theft and drug possession . . . .” (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of *740 Prop. 47, § 3, subd. (3), p. 70.)[10] It also attempted “to ensure that prison spending is focused on violent and serious offenses . . . .” (Id., text of Prop. 47, § 2, p. 70.) Finally, it sought to “ensure[] that sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed” (ibid.) by, inter alia, “[a]uthoriz[ing] felonies for sex offenders . . .” (id., rebuttal to argument against Prop. 47, p. 39). In our view, the exclusion of juvenile adjudications for offenses not specified in section 667, subdivision (e)(2)(C)(iv), or for which registration is not required pursuant to section 290, subdivision (c), to disqualify an offender from reduction of an offense to a misdemeanor (e.g., Health & Saf. Code, § 11377, subd. (a); Pen. Code, § 1170.18, subd. (i)) furthers that intent. (See People v. Romanowski (2017) 2 Cal.5th 903, 909 [215 Cal.Rptr.3d 758, 391 P.3d 633] [applying broad and liberal construction of Prop. 47 to accomplish its stated purposes].) Here, defendant committed a nonviolent drug possession offense. He has no prior convictions for so-called super strikes, he is not a rapist, murderer, or child molester, and he has never been required to register as a sex offender pursuant to section 290, subdivision (c). He is therefore entitled under the Act to receive misdemeanor treatment for his nonviolent drug possession offense.
DISPOSITION
The order designating defendant’s conviction a felony is reversed, and the matter is remanded for further proceedings not inconsistent with this opinion.
Gomes, Acting P. J., concurred.

 Further statutory references are to the Penal Code unless otherwise stated.

 References in this opinion to defendant’s current offense are to this count.

 According to the probation department, defendant was convicted of violating section 30305, subdivision (a)(1) (possession of ammunition by a prohibited person) on November 20, 2012, and was released on PRCS on November 11, 2013. He was arrested on May 15, 2015, for violating Penal Code sections 529, subdivision (a)(3) (false personation), and 21310 (carrying a concealed dirk or dagger), and Health and Safety Code section 11377, subdivision (a) (possession of a controlled substance).

See footnote, ante, page 728.

 In dicta, the court noted the defendant’s juvenile adjudication for forcible rape might also be a disqualifying prior conviction because it was for an offense requiring sex offender registration. (People v. Sledge, supra. 7 Cal.App.5th at p. 1104, fn. 6.) The court found it made no difference whether the defendant was ordered—or even could have been ordered—to register, as the emphasis in subdivision (i) of section 1170.18 is on the conviction for an offense requiring registration, and not on the registration status of the offender. (Sledge, at p. 1104, fn. 6.) "

 Those offenses are: “(I) A ‘sexually violent offense’ as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418. [¶] (VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death.” (§ 667, subd. (e)(2)(C)(iv).)

 The voter information guide can be accessed at <http://vig.cdn.sos.ca.gov/2014/general/ en/pdf/complete-vigrl.pdf> (as of May 12, 2017).