[No. F050978. Fifth Dist. June 19, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
CORRIE DONTA COLE, Defendant and Appellant.

232

COUNSEL

Ann Hopkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Mary Jo Graves and Dane R. Gillette, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Brian Alvarez, Rachelle Newcomb and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

DAWSON, J.—Appellant Corrie Donta Cole was sentenced to a doubled term of imprisonment in the present case on the basis of a prior "strike"[1] conviction for violating Penal Code section 288, subdivision (a).[2] The prior conviction occurred in adult court when appellant was 16 years old. At the time of the offense, the victim was 13 years old. Appellant contends his strike sentence in the current case must be set aside because "the Legislature did not intend to treat nonforcible sex between minors as a strike." (Some capitalization omitted.) He also argues that imposing a strike sentence on him violates principles of equal protection because a juvenile adjudication for the same offense is not a strike. We disagree with both of his contentions.

## FACTS AND PROCEEDINGS

Appellant was charged in a criminal complaint, filed on April 11, 2006, with a violation of Health and Safety Code section 11352, subdivision (a) (sale or transportation of cocaine), a violation of Health and Safety Code section 11351 (possession for sale of cocaine), and a violation of Health and Safety Code section 11350, subdivision (a) (possession of a controlled substance). The complaint alleged that appellant had suffered a prior conviction for a serious or violent felony: a conviction in 1997, in adult court though he was just 16 years old, for violating section 288, subdivision (a). On April 19, 2006, appellant pled guilty to one charge, possession for sale of cocaine (Health & Saf. Code, § 11351), and admitted the prior strike alleged. At sentencing on June 2, 2006, after rejecting appellant's *Romero*[3] motion and his request for a lower term sentence, the trial court ordered a six-year midterm sentence.

---

[1] We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

[2] Further statutory references are to the Penal Code unless otherwise indicated.

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].

*Facts of the current offense*

According to the probation report, appellant and his brother Eric Cole were stopped by a Corcoran police officer who observed appellant drop an object out the passenger side window of a pickup truck driven by Eric. In a search of the vehicle, officers found a digital scale, which appellant said belonged to him. On the roadway surface, officers found two clear sandwich-sized baggies containing an off-white powdery substance. Measured later, the substance had a gross weight of 33.7 grams total and tested positive for the presence of cocaine.

Appellant said at sentencing that he has a serious drug addiction and used the digital scale found in the pickup for measuring drugs he purchased for himself. He indicated the drugs found at his arrest were his brother's and that he was, at the time, helping his brother transport the drugs across town. He asked for help with his addiction problem, in prison and upon his release.

*Facts and proceedings regarding the prior offense*

The record in the present case contains no documents stemming from the prior strike offense. We do, nevertheless, have a description of the prior offense supplied by appellant in connection with his *Romero* motion. The trial court, in rejecting that motion, assumed "for purposes of the argument[]" that appellant's representations about the prior offense were true. We will do the same, for purposes of examining appellant's assertions of error.

On August 16, 1997, appellant and his cousin Jonathan were "hanging out" with Sabrina and Amber at Sabrina's residence. Sabrina's parents were not home. Appellant was 16 years old; Amber was 13, though appellant thought she was 15; and Sabrina was 16. Sabrina and Jonathan went into Sabrina's bedroom, leaving Amber and appellant alone. Appellant asked Amber if she wanted to have sex with him, and she said that she did. The nature of the contact that then occurred is not contained in our record. Like the trial court, however, we assume appellant is truthful when he says that, "when Amber asked him to stop he immediately got up and stopped making contact with her." Despite this, Amber asserted the contact was not with her consent.

On October 10, 1997, appellant entered a guilty or no contest plea, in adult court, to violating section 288, subdivision (a)—lewd and lascivious act without force or duress.

*Appellant's criminal and social history*

Upon his conviction of violating section 288, subdivision (a), appellant's sentence was to the California Youth Authority (CYA). (See Welf. & Inst. Code, §§ 707.2 [providing for postconviction remand for report concerning

amenability to training and treatment by youth authority], 1731.5, subds. (a) & (b) [providing for postconviction commitment to youth authority provided the authority "believes that the person can be materially benefited by its reformatory and educational discipline"].)[4] He paroled from CYA in July 2002; his parole was revoked in July 2003. In October 2004, he was convicted of taking drugs or a weapon into CYA (Welf. & Inst. Code, § 1001.5) in August 2004. He was sentenced to 16 months in state prison and paroled in June 2005. In January 2006, he forfeited bail for driving without a driver's license in violation of Vehicle Code section 12500, subdivision (a). The present offense occurred on April 9, 2006.

At the time of his arrest, appellant had been employed for almost a year as a diesel mechanic. He lived with his girlfriend and her two children. He used cocaine regularly—a habit he said started when he was committed to CYA in 1997.

Appellant was raised by his father, who had never been married to his mother. His mother suffered from addiction and substance abuse problems. Appellant was prescribed Ritalin as a youth, to treat attention deficit disorder.

The probation officer in the present case described appellant as of "average to somewhat below average intelligence." The probation officer in his section 288 case thought that the case related to "an isolated incident" and that appellant was "not a sexual predator."[5]

## DISCUSSION

Appellant makes two arguments regarding his two-strike sentence of six years, which is double the normal middle term for the crime of possession for sale of cocaine. First, he argues the trial court abused its discretion in denying his *Romero* motion because the "Legislature did not intend to treat nonforcible sex between minors as a strike." (Some capitalization omitted.) Second, he contends that imposing a strike sentence on him for his prior section 288, subdivision (a) conviction violates equal protection because a juvenile adjudication for the same offense is not a strike.

*Statutory framework*

■ An adult conviction of violating section 288, subdivision (a) is a serious felony as defined in section 1192.7, subdivision (c)(6), and is thus a strike pursuant to sections 667, subdivision (d), and 1170.12, subdivision (b)(1). A juvenile adjudication of violating section 288, subdivision (a)

---

[4] Pursuant to post-1997 amendments to the Welfare and Institutions Code, the "Youth Authority" is now known as the Division of Juvenile Justice in the Department of Corrections and Rehabilitation. (Welf. & Inst. Code, § 1703, subd. (c); Gov. Code, §§ 12838, 12838.5.)

[5] This quotation is taken from the moving papers appellant filed in the present case and not from any document related to the section 288 case. As noted previously, we have no such documents before us.

also is a strike (§§ 667, subd. (d)(3)(B), 1170.12, subd. (b)(3)(B)(ii)), but only if, "in the prior juvenile proceeding giving rise to the qualifying adjudication the juvenile [was] adjudged a ward of the court because of a Welfare and Institutions Code section 707(b) offense, whether or not that offense is the same as the offense currently alleged as a strike." (*People v. Garcia* (1999) 21 Cal.4th 1, 6 [87 Cal.Rptr.2d 114, 980 P.2d 829].) In other words, a section 288, subdivision (a) adjudication is a strike only if, in the same prior juvenile case, the ward was adjudged as such based not only on the section 288, subdivision (a) finding but also on a finding the ward committed another offense, one listed in Welfare and Institutions Code section 707, subdivision (b). While Welfare and Institutions Code section 707, subdivision (b) includes a violation of section 288 committed by force or duress (§ 288, subd. (b)) in its list of crimes that make a minor presumptively "not a fit and proper subject to be dealt with under the juvenile court law" (Welf. & Inst. Code, § 707, subd. (c)), that list does not include a violation of section 288, subdivision (a).

Nothing in the record in the present matter reveals the reason why, or the procedure by which, appellant was convicted in adult rather than juvenile court for his 1997 section 288 offense. We know that appellant entered a guilty or no contest plea to violating subdivision (a) of section 288. But we do not know what he was charged with originally. Neither do we know whether he was certified to adult court by way of Welfare and Institutions Code section 707, subdivision (a), which would have placed the burden of showing unfitness on the prosecution, or by way of section 707, subdivision (b), which would have created a presumption of unfitness based on a qualifying alleged offense, e.g., a violation of section 288, subdivision (b).

I. *Did the Legislature intend to treat a violation of section 288, subdivision (a) committed by a 16-year-old minor as a strike?*

As noted above, appellant argues the trial court abused its discretion in denying his *Romero* motion because the "Legislature did not intend to treat nonforcible sex between minors as a strike." (Some capitalization omitted.) While we agree with the premise that the trial court was required to consider the nature of the offense alleged to be a strike, we do not agree that the Legislature meant to exclude from the ambit of strike offenses subject to the exercise of *Romero* discretion all section 288 offenses committed by a minor without violence or duress.

Indeed, we think the statutory language is clear. Sections 667 and 1170.12 unambiguously contemplate that minors will be charged with having committed criminal offenses that can be strikes. The sections address this possibility with a hierarchical arrangement. If a minor commits an offense that is neither a serious nor violent felony and is tried in juvenile court, no strike results. If the minor commits a nonserious and nonviolent offense that

is listed in Welfare and Institutions Code section 707, subdivision (b), but is tried in juvenile court, no strike results. (*People v. Leng* (1999) 71 Cal.App.4th 1, 10 [83 Cal.Rptr.2d 433].) If the minor commits a serious or violent felony, but no Welfare and Institutions Code section 707, subdivision (b) offense, and is tried in juvenile court, no strike results. (*People v. Garcia, supra,* 21 Cal.4th at p. 6.) But if the minor commits a serious or violent felony and a Welfare and Institutions Code section 707, subdivision (b) offense, the serious or violent felony is a strike despite the fact the minor is tried in juvenile court. Finally, if the minor is found unfit for handling in the juvenile court and is found in adult court to have committed a serious or violent felony, that felony is a strike. This statutory hierarchy comports with the declared legislative purpose of the three strikes law—to punish recidivism—and with the legislative purpose behind Welfare and Institutions Code section 707—to reconcile concerns of public safety with concerns for the minor's welfare. (*People v. Lara* (1967) 67 Cal.2d 365, 379–380 [62 Cal.Rptr. 586, 432 P.2d 202].)

▮ A violation of section 288, subdivision (a) is a serious felony. (§ 1192.7, subd. (c)(6).) Appellant was convicted of this serious felony in adult court. While the facts underlying his conviction, insofar as they were known to and accepted by the trial court, were not particularly high on the scale of sex crime atrocities, there is nothing in the record to indicate that the trial court did not consider the nature of appellant's section 288 offense in responding to his *Romero* motion. Appellant has shown no abuse of discretion in the denial of that motion.[6]

II. *Does the statutory framework that makes appellant's section 288, subdivision (a) conviction a strike violate equal protection?*

Appellant contends the statutory framework that makes his conviction a strike violates equal protection because "a 16-year old offender who was certified to adult court but subsequently convicted [there] *solely* of a non-forcible sexual offense *not* listed in [Welfare and Institutions Code] section 707, subdivision (b) and subsequently sentenced not to prison but to [CYA]," is treated more harshly than "a 16-year old offender whose case was *not* certified to adult court, but who is ultimately adjudicated by a juvenile court to have committed the *same* sexual offense and subsequently committed to [CYA] as a result of that offense . . . ."

▮ Where a "broad and literal construction" of the three strikes law would result in disparate treatment of similarly situated individuals, it may violate equal protection. (*People v. Leng, supra,* 71 Cal.App.4th at

---

[6] We reject appellant's argument that, because the trial court found him to be within the spirit of the three strikes law given his history of continuing criminal conduct and "notwithstanding the nature of" his strike offense, the court necessarily based its decision exclusively on conduct other than that underlying the strike. Rather, the court expressed that, though the nature of the conduct underlying the strike might be a factor weighing in favor of leniency, other factors weighing against leniency prevailed.

pp. 11–12.) To avoid an equal protection roadblock, such disparate treatment must be justified. (*Id.* at p. 11.) Further, because "[p]ersonal liberty is a fundamental right, . . . a classification infringing on [it] is subject to strict judicial scrutiny . . . [and] will not be given effect unless the state establishes the classification bears a close relation to the promotion of a compelling state interest, the classification is necessary to achieve the government's goal, and the classification is narrowly drawn to achieve the goal by the least restrictive means possible." (*Ibid.*) Before the state is required to make such a showing, however, the party making the equal protection claim must demonstrate that the law in question treats "similarly situated" individuals differently. (See *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253 [127 Cal.Rptr.2d 177, 57 P.3d 654].) The initial inquiry is "not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " (*Ibid.*, quoting *People v. Gibson* (1988) 204 Cal.App.3d 1425, 1438 [252 Cal.Rptr. 56]; see also *In re Eric J.* (1979) 25 Cal.3d 522, 530 & fn. 1 [159 Cal.Rptr. 317, 601 P.2d 549].)

Respondent contends both that the necessary close relation to a compelling state interest is present here and that, as a threshold matter, appellant has failed to demonstrate that for purposes of the three strikes law he is situated similarly to a defendant who has suffered a prior finding by a juvenile court that he violated section 288, subdivision (a). First, respondent argues, a youthful offender who has been found unfit for handling in juvenile court "poses a much more serious danger to the public than a youthful offender deemed fit and amenable to the juvenile court laws." Thus, the recidivist adult offender who has a prior conviction for an offense committed as a juvenile but prosecuted in adult court has a more serious criminal history than does the adult offender with a prior juvenile adjudication even for the same crime. Second, the state has a particular interest in protecting its citizens from a recidivist adult offender who has not been deterred even by the increased sanction of being prosecuted as an adult while still a juvenile.

We agree that these considerations satisfy the demands of equal protection. "The classifications created by the three strikes law for recidivist offenders have survived equal protection challenges based on the state's strong and compelling interest in protecting its citizens from the harm associated with serious or violent criminal conduct." (*People v. Leng, supra,* 71 Cal.App.4th at p. 12.) That the Legislature (and the voters through the initiative process) have chosen to create a system of graduated punishment, for recidivists with prior serious or violent offenses committed as juveniles, that distinguishes between those who were and were not fit, at the time of those juvenile offenses, to be treated as juveniles, simply does not constitute invidious discrimination. "Such differences warrant different treatment." (*People v. Cooper* (1996) 43 Cal.App.4th 815, 829 [51 Cal.Rptr.2d 106].)

## DISPOSITION

The judgment and sentence are affirmed.

Wiseman, Acting P. J., and Cornell, J., concurred.

A petition for a rehearing was denied July 18, 2007, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied October 10, 2007, S154784. Werdegar, J., was of the opinion that the petition should be granted.