Filed 8/4/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SEAN F. DUNN,<br><br>    Defendant and Appellant. | 2d Crim. No. B266482<br>(Super. Ct. No. 2012009629)<br>(Ventura County) |

Sean F. Dunn appeals an order denying a petition to recall his sentence for felony petty theft with a prior and for resentencing to a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and School Act (the Act). (Pen. Code, §§ 1170.18, 666.)[1]

Here we hold that a person is not eligible for resentencing pursuant to section 666 if the person is required to register as a sex offender as a result of a prior juvenile adjudication. (§§ 666, 290.008, formerly § 290, subd. (d)(1).) This treatment of registered juvenile sex offenders does not deny Dunn equal protection of the laws. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a).)

BACKGROUND

In 1990, when Dunn was 14 years old, he committed two acts of forcible rape in concert with another and three acts of forcible sexual penetration. A juvenile court sustained allegations that he committed two counts of section 264.1 and three

---

[1] All statutory references are to the Penal Code.

counts of section 289, subdivision (a). It committed him to the California Youth Authority for a 54-year term. Following Dunn's discharge, he was required to register as a sex offender. (§ 290.008, formerly § 290, subd. (d)(1).)[2]

In 1997, Dunn was sentenced to prison for assault with force likely to produce great bodily injury. (§ 245, former subd. (a)(1).) In 2011, he returned to prison for robbery. (§ 211.) While on parole for the robbery in 2012, he stole items from a department store. He pled guilty to felony petty theft with a prior. (§ 666, former subd. (b).) He admitted the prior strike conviction for robbery and the court sentenced him to 32 months in prison. (§ 667, subds. (b)-(i).)

Dunn was released on parole in 2014, with electronic monitoring. (§§ 3000.08, subd. (a), 3010.10, subd. (b).) Two months later, he violated parole by removing his electronic tracking device. The court revoked and reinstated his parole. In 2015, Dunn petitioned for resentencing to misdemeanor petty theft under the Act.

DISCUSSION

Dunn contends only adult sex offenders should be ineligible for relief under section 666. The plain language of the statute provides otherwise.

A person who is serving a felony sentence may be resentenced under any of the Proposition 47 statutes if (1) they "would have been guilty of a misdemeanor under [the Act had it] been in effect at the time of the offense"; (2) they have no prior "conviction[]" for a super-strike[3] offense or for an offense requiring registration under section 290, subdivision (c); and (3) resentencing would not pose an unreasonable risk of danger to the public. (§ 1170.18, subds. (a), (b), (i).)

---

[2] Former section 290, subdivision (d)(1), in effect when Dunn was discharged, is substantially similar to current section 290.008 and provided: "Any person who, on or after January 1, 1986, is discharged or paroled from the Department of the Youth Authority to the custody of which he or she was committed after having been adjudicated a ward of the juvenile court pursuant to [s]ection 602 of the Welfare and Institutions Code because of the commission or attempted commission of [an enumerated sex offense] shall be subject to registration under the procedures of this section."

[3] Dunn's juvenile adjudications are not super-strikes because he was under 16 in 1990. (§ 667, subd. (d)(3).)

2

Dunn's petition fails at the first prong because he would not have been guilty of a misdemeanor under the Act. Petty theft with a prior is not a misdemeanor under the Act for those who are "required to register pursuant to the Sex Offender Registration Act [§§ 290-290.024]." (§ 666, subd. (b).) Juvenile sex offender registry is a part of the Sex Offender Registration Act. (§ 290.008.)

If the electorate intended to make only adult offenders ineligible for relief under section 666, it knew how to do so. (Health & Saf. Code, §§ 11350, 11357, 11377; §§ 459.5, 473, 476a, 490.2, 496, 1170.18, subd. (i).) A person is ineligible for relief under the other Proposition 47 statutes only if they are a person with one or more convictions "for an offense requiring registration pursuant to subdivision (c) of [s]ection 290 [adult sex offender registration]." (Health & Saf. Code, §§ 11350, 11357, 11377; §§ 459.5, 473, 476a, 490.2, 496, 1170.18, subd. (i); *In re Derrick B.* (2006) 39 Cal.4th 535, 540.)

Dunn asks us to construe section 666 to make only adult sex offenders ineligible. He contends this would best effectuate the electorate's intent; it is required by the rule of lenity; the disparity between section 666 and other Proposition 47 statutes reflects a drafting error; and the disparity violates state and federal equal protection principles. We disagree with each of these contentions.

The electorate's intent to withhold relief from juvenile sex offenders who commit serial thefts is unambiguously expressed in section 666. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276 ["If the language is clear and unambiguous, we follow the plain meaning of the measure"].) The rule of lenity does not apply because section 666 is not reasonably susceptible to two constructions. (*People v. Avery* (2002) 27 Cal.4th 49, 58.) A person is disqualified if they are "required to register under the Sex Offender Registration Act [§§ 290-290.024]." (§ 666, subd. (b).) Section 666 does not reflect a drafting error; there is no compelling evidence the electorate intended a different result. (*People v. Garcia* (1999) 21 Cal.4th 1, 6 [we may reform a statute only "when compelled by necessity and supported by firm evidence of the drafters' true intent"].) The electorate advanced its goal of "[r]equir[ing] misdemeanors . . . for nonserious, nonviolent crimes

3

like petty theft and drug possession," while withholding relief from all sex offenders who commit serial theft. (Prop. 47, § 3, subd. (4); see Voter Information Guide, Gen. Elec. (Nov. 5, 2014) text of Prop. 47, p. 70.)

Section 666 does not violate equal protection guarantees because juvenile sex offenders who commit recidivist theft crimes and juvenile sex offenders who commit other Proposition 47 crimes are not similarly situated. (*People v. Morales* (2016) 63 Cal.4th 399, 408 [claimant must show the state adopted a classification that affects two or more groups similarly situated for purposes of the challenged law]; *People v. Shaw* (2009) 177 Cal.App.4th 92, 101 [a recidivist is more blameworthy than a first offender].) Harsher consequences for recidivists is not irrational. (*People v. McCain* (1995) 36 Cal.App.4th 817, 820.) Even if the crimes were comparable, distinctive treatment is rational because the two groups' rehabilitative prospects vary. (*People v. Wilkinson* (2004) 33 Cal.4th 821, 827, 837-838 [rational basis review].)

DISPOSITION

The order is affirmed.

CERTIFIED FOR PUBLICATION.

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, and William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Noah P. Hill and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.