Filed 5/19/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>CHRISTOPHER ISAAC FERNANDEZ,<br><br>    Defendant and Appellant. | F071338<br><br>(Super. Ct. Nos. VCF274407 and VCF295423)<br><br>**OPINION** |

-ooOoo-

APPEAL from orders of the Superior Court of Tulare County. Gary L. Paden, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Christopher Isaac Fernandez appeals from the denial of two petitions for resentencing under Penal Code[1] section 1170.18, which is part of the Safe Neighborhoods and Schools Act (Proposition 47). Enacted by voter initiative in November 2014, Proposition 47 reduced certain drug-related and property crimes from felonies to misdemeanors. Section 1170.18 provides a mechanism by which a person with a prior felony conviction for an offense that is now classified as a misdemeanor under statutes added or amended by Proposition 47 can petition to have their conviction designated as a misdemeanor and be resentenced accordingly. (§ 1170.18, subds. (a), (f).)

The issues on appeal pertain to an eligibility restriction set forth in section 1170.18, subdivision (i) (section 1170.18(i)), which excludes "persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." The parties dispute whether the term "prior convictions" is meant to include juvenile adjudications. The Fourth District Court of Appeal recently considered this question in *People v. Sledge* (2017) 7 Cal.App.5th 1089 (*Sledge*) and concluded that section 1170.18(i) incorporates the definition provided in section 667, subdivision (d), which specifies that juvenile adjudications are treated as convictions only when "[1] The juvenile was 16 years of age or older at the time he or she committed the prior offense[;] [2] The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in [section 667, subdivision (d)(1) or (d)(2)] as a serious and/or violent felony[;] [3] The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law[;] [and] [4] The juvenile was adjudged a ward of the juvenile court within the meaning of

---

[1] Except where otherwise specified, all further statutory references are to the Penal Code.

Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code." (§ 667, subd. (d)(3)(A)-(D); *Sledge*, *supra*, 7 Cal.App.5th at p. 1099.)

We agree with the analysis in *Sledge*, but its holding is not entirely dispositive of the issues in this case. It remains to be determined how the reference in section 1170.18(i) to "an offense requiring registration pursuant to subdivision (c) of Section 290" should be interpreted in light of the definition provided in section 667, subdivision (d). As will be discussed, individuals who are required to register as sex offenders because of a juvenile adjudication must do so pursuant to section 290.008, not section 290, subdivision (c). Furthermore, not all juvenile adjudications for offenses listed in section 290, subdivision (c) qualify as convictions under the definition provided in section 667, subdivision (d), e.g., an adjudication for an offense committed before the juvenile turned 16 years old. We adopt the holding in *Sledge* and further conclude that a juvenile adjudication for an offense listed in section 290, subdivision (c) does not constitute a prior conviction for purposes of section 1170.18(i) unless the prerequisite conditions listed in section 667, subdivision (d)(3) are also satisfied.

It appears the trial court relied on an erroneous interpretation of the statute when it denied Fernandez's petitions. The challenged orders would ordinarily be upheld if the trial court reached the correct result, even if on the wrong legal theory, but the record does not contain enough information for us to make that determination. We reverse the orders and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

Fernandez petitioned the Tulare County Superior Court for relief under section 1170.18 in relation to a December 2012 conviction for possession of a controlled substance (Health & Saf. Code, former § 11377) and a March 2014 conviction for receiving stolen property (former § 496, subd. (a)). A separate petition was filed as to each conviction. In written oppositions, the People submitted that Fernandez was not

3.

entitled to relief because he "has a conviction for an offense listed under Penal Code 290(c)." The petitions were summarily denied by the trial court in orders filed on December 10, 2014.

On January 9, 2015, Fernandez filed two identical requests entitled, "Motion To Schedule Hearing Over District Attorney's Objection For Re-Sentencing And Reduction To A Misdemeanor Pursuant to Proposition 47." The moving papers alleged that the "convictions" referenced in the People's oppositions were actually juvenile adjudications for offenses that required registration under section 290.008. The matter was heard on February 9, 2015, at which time the trial court noted Fernandez's conviction for receiving stolen property "would be suitable for reduction, as it appears the value of the property was under $250."[2] The deputy district attorney interjected: "Your Honor, in this case, the defendant has an adjudication for a sex offense. … That's also a super strike so we were saying that he is not eligible." When Fernandez's attorney sought clarification regarding which petition was being discussed, the trial court said, "He's not eligible for any of [them] because he has to register per Penal Code 290, and that excludes him from relief under Prop. 47." Both petitions were therefore denied.

On March 23, 2015, Fernandez filed a notice of appeal and request for certificate of probable cause. The certificate of probable cause was issued the following day. We subsequently granted his unopposed request for judicial notice of two juvenile court records. The first of those records is a minute order from a November 18, 1999 hearing, when Fernandez was 15 years old, which reflects his admission of the truth of allegations made in a wardship petition regarding a violation of section 288, subdivision (b)(1). The second document is a minute order from a September 10, 2001 hearing, when Fernandez

---

[2] Proposition 47 allows a defendant to be resentenced and have their felony conviction for receiving stolen property deemed a misdemeanor upon a showing that the value of the stolen property did not exceed $950. (§§ 1170.18, subds. (a) & (b), 496, subd. (a).)

4.

was 17 years old, which reflects his admission of the truth of allegations in a wardship petition regarding behavior proscribed by "PC 288," but does not specify the subdivision that was violated. The record on appeal contains no additional evidence of the prior adjudications or any details concerning the underlying offenses.

## DISCUSSION

**Standard of Review**

"Proposition 47, like [the Three Strikes Reform Act of 2012 (Proposition 36)], requires the petitioning defendant to establish his or her *initial eligibility* for relief—which, under Proposition 47, is a prior felony conviction that would have been a misdemeanor if Proposition 47 had been in effect at the time of the offense. [Citations.] 'Also like Proposition 36, Proposition 47 then allows the prosecution the opportunity to oppose the petition by attempting to establish that the petitioning defendant is *ineligible* for resentencing. [Citation.] This may be accomplished either (1) by rebutting the petitioning defendant's evidence … or (2) by demonstrating that the petitioning defendant suffered a conviction of one or more of the offenses specified in section 1170.18, subdivision (i).' " (*Sledge*, *supra*, 7 Cal.App.5th at p. 1094.) It is the People's burden to establish the existence of a disqualifying prior conviction by a preponderance of the evidence. (*Id*. at p. 1095.)

A trial court's factual findings are reviewed for substantial evidence. (*Sledge*, *supra*, 7 Cal.App.5th at p. 1095.) The interpretation of a statute enacted as part of a voter initiative is a legal issue, which is reviewed de novo. (*Ibid*.) "When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may

5.

consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

**Statutory Interpretation**

To reiterate, the statute in question is section 1170.18(i), which reads: "The provisions of this section shall not apply to persons who have one or more *prior convictions* for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 *or* for an offense requiring registration pursuant to subdivision (c) of Section 290." (Italics added.) Fernandez argues that because his "two sex offense priors are not convictions, but juvenile adjudications, he is not subject to the exclusionary provision…." The People maintain Fernandez is ineligible for relief because he was previously adjudicated of violating section 288, which is an offense listed in section 667, subdivision (e)(2)(C)(iv). The analysis is more complicated than either party suggests.

Our state Supreme Court has explained that "conviction" is a term of art usually associated with adult proceedings, and when used in statutory language, is ordinarily construed "as applying only in cases of adult convictions." (*In re Derrick B.* (2006) 39 Cal.4th 535, 540 (*Derrick B.*).) "Under the juvenile court law, a person adjudged a ward of the court has not been 'convicted' of anything." (*Id.* at p. 541.) Accordingly, Welfare and Institutions Code section 203 mandates that "[a]n order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose…." The *Derrick B.* opinion instructs that appellate courts are to "employ a presumption that when the language of a statute uses a term that has been judicially construed, the term is used in the precise sense which the court gave it." (39 Cal.4th at p. 540.) In our effort to interpret section 1170.18(i), " '[w]e must assume that the voters … were aware of Welfare and Institutions Code section 203 and judicial constructions of its terms." (*Derrick B.*, *supra*, 39 Cal.4th at p. 540.)

6.

In *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209 (*Alejandro N.*), Division One of the Fourth District held that juvenile offenders are generally entitled to the benefits of section 1170.18. The appellate court reasoned that "Welfare and Institutions Code section 602 provides for a minor to be declared a ward of the juvenile court when the minor commits a crime set forth in the Penal Code and other codes defining criminal offenses primarily in the adult criminal context. The section thereby incorporates the entire body of laws defining criminal offenses as the basis for juvenile wardship jurisdiction. Accordingly, when a criminal offense is reclassified from a felony to a misdemeanor in the adult context—as occurred under Proposition 47—the reclassification likewise applies in juvenile wardship proceedings." (*Alejandro N., supra,* 238 Cal.App.4th at pp. 1216-1217.)

The *Alejandro N*. opinion goes on to state, "[W]e presume the Proposition 47 voters were aware that under Welfare and Institutions Code section 602, criminal substantive offenses in the adult arena are used to determine when a juvenile should be declared a ward of the court, and that changes to these adult criminal offenses would effectuate corresponding changes in the substantive offenses applied in the juvenile arena…. Considered in its broader context, section 1170.18's use of adult criminal terminology does not reflect an intent to exclude juvenile offenders from its provisions." (238 Cal.App.4th at p. 1225.) We express no opinion regarding the ultimate conclusion in *Alejandro N*., but do not read it to hold, as the People suggest, that the word "conviction" was intended to be synonymous with "juvenile adjudication" in every provision of the statute. After all, the voters are presumed to have been equally familiar with the language of Welfare and Institutions Code section 203 ("An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose….") and judicial constructions of its terms. (*Derrick B*., *supra*, 39 Cal.4th at p. 540 [" 'This court and the Courts of Appeal have consistently agreed that adjudications under Welfare and Institutions Code section 602 are not criminal convictions.' "].)

7.

In *Sledge*, *supra*, Division Three of the Fourth District was confronted with the same issue presented in this case: does the term "prior convictions" in section 1170.18(i) include juvenile adjudications? The *Sledge* opinion focuses on the statute's cross-reference to offenses specified in section 667, subdivision (e)(2)(C)(iv). "In turn, [section 667, subdivision, (e)(2)(C)(iv)] applies when: 'The defendant suffered a prior serious and/or violent felony conviction, *as defined in subdivision (d) of this section*, for any of the following felonies.' (Italics added.) The list of felonies includes various sex, violence and homicide offenses, which are sometimes referred to as 'super strikes.' " (*Sledge*, *supra*, 7 Cal.App.5th at p. 1099.)

"Finally, subdivision (d)(3) of section 667 (section 667(d)(3)) provides: '*A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction* for purposes of sentence enhancement if: [¶] (A) The juvenile was 16 years of age or older at the time … . [¶] (B) *The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a serious and/or violent felony*. [¶] (C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law. [¶] (D) The juvenile was adjudged a ward of the juvenile court … because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code.' (Italics added.)" (*Sledge, supra,* 7 Cal.App.5th at p. 1099.)

"Reading these statutes together, and giving the unambiguous words in them their usual and ordinary meaning, we conclude a felony juvenile adjudication is a disqualifying prior conviction within the meaning of section 1170.18(i): if it is one of the super strike offenses listed in section 667(e)(2)(C)(iv); if it is either an offense listed in Welfare and Institutions Code section 707, subdivision (b), or an offense described in section 667(d), paragraph (1) or (2) as a serious or violent felony; and if all of the other conditions set out in section 667(d)(3) are satisfied." (*Sledge, supra,* 7 Cal.App.5th at p. 1099.)

In reaching its conclusion, the appellate panel in *Sledge* recognized and apparently followed our District's analysis in *People v. Arias* (2015) 240 Cal.App.4th 161, 166–169 (*Arias*). (*Sledge, supra,* 7 Cal.App.5th at p. 1100.) The issue in *Arias* was the definition of "prior convictions" as used in section 1170.126, subdivision (e), which prohibits resentencing under Proposition 36 of individuals with "prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).) Despite the rule that juvenile adjudications are not to be treated as criminal convictions for any purpose (Welf. & Inst. Code, § 203), *Arias* holds that "Welfare and Institutions Code section 203 is superseded" in the context of Proposition 36's exclusionary provisions given the cross-reference to statutes containing definitions that "expressly apply notwithstanding any other law (§§ 667, subd. (d), 1170.12, subd. (b)), thus evidencing the Legislature's and electorate's intent that they prevail over all contrary law [citation]." (*Arias*, *supra*, 240 Cal.App.4th at pp. 167-168.) Therefore, a juvenile adjudication constitutes a prior conviction for purposes of section 1170.126, subdivision (e) if the conditions listed in section 667, subdivision (d) or section 1170.12, subdivision (b) are satisfied because the latter statutes specifically define the word "conviction" to include certain juvenile adjudications.

We agree with the holding of *Sledge*, i.e., that a prior juvenile adjudication may constitute a disqualifying prior conviction within the meaning of section 1170.18(i) if all of the conditions set forth in section 667, subdivision (d) are satisfied. (*Sledge, supra,* 7 Cal.App.5th at p. 1099.) This is so because " 'the definition of "conviction of a serious and/or violent felony" contained in section 667(d) is incorporated … in section 1170.18(i), and since that definition specifically includes designated juvenile adjudications … [Citation]." (*Sledge,* at p. 1100.) However, we are not persuaded by the dicta contained in a footnote at the end of the *Sledge* opinion, which arguably implies that

9.

any prior adjudication for an offense listed in section 290, subdivision (c) must always be treated as a disqualifying prior conviction.**3** (*Sledge*, at p. 1104, fn. 6.)

Again, the statute precludes relief for individuals previously convicted of an offense listed in section 667, subdivision (e)(2)(C)(iv) "or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 1170.18, subd. (i).) However, a juvenile adjudication for an offense listed in section 290, subdivision (c) does not require registration pursuant to that code section. Such individuals are required to register as sex offenders pursuant to section 290.008, which was enacted well before the passage of Proposition 47.**4** More importantly, not all juvenile adjudications for offenses listed in section 290, subdivision (c) qualify as convictions under section 667, subdivision (d). The *Sledge* petitioner's juvenile adjudication for forcible rape would not have constituted a prior conviction had the offense been committed when he was under the age of 16. (§ 667, subd. (d)(3)(A); *People v. Dunn* (2016) 2 Cal.App.5th 153, 156, fn. 3 (*Dunn*).)

---

**3** The petitioner in *Sledge* had a prior adjudication for committing forcible rape at the age of 17. (*Sledge, supra,* 7 Cal.App.5th at pp. 1094, 1104.) Footnote six of the opinion states: "We have affirmed on the only grounds actually considered by the trial court and briefed by the parties in this appeal—defendant's felony juvenile adjudication for forcible rape is a disqualifying prior conviction because it is, 'for an offense specified in [section 667, subdivision (e)(2)(C)(iv)] … .'" (§ 1170.18(i).) However, there appears to be alternative grounds for reaching the same result. Defendant's felony juvenile adjudication for forcible rape may also be a disqualifying prior conviction because it is 'for an offense requiring registration pursuant to subdivision (c) of Section 290.' (*Ibid*.) It is indisputable that rape by force is an offense requiring such registration. (§§ 261, subd. (a)(2), 290, subd. (c).) Plus it makes no difference that defendant was not and perhaps could not have been ordered to register. The emphasis in section 1170.18(i) is on the conviction for an *offense* requiring registration, not the registration status of the *offender*."

**4** Section 290, former subdivision (d)(3), which established the sex offender registration requirements for juvenile offenders, was reenacted as section 290.008 effective October 13, 2007. (Stats. 2007, ch. 579, §§ 7, 8, 16.)

"It is a settled rule of statutory construction that 'where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed.' " (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 970.) Section 1170.18(i) incorporates portions of section 667 and section 290, but only the former defines a conviction to include certain juvenile adjudications. Section 290, subdivision (c) makes no mention of juvenile adjudications nor does it expressly or impliedly supersede Welfare and Institutions Code section 203. If the electorate had wanted all juvenile adjudications for offenses listed in section 290, subdivision (c) to be treated as disqualifying convictions, the statute could have easily been worded to reflect such an intent. For example, section 666, which was amended by Proposition 47, is an exclusionary provision that applies to "any person who is required to register pursuant to the Sex Offender Registration Act, or who has a prior violent or serious felony conviction, as specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667…." (§ 666, subd. (b).) The Sex Offender Registration Act encompasses sections 290 to 290.024, which includes the statute governing juvenile sex offender registration, section 290.008. (§ 290, subd. (a); *Dunn*, *supra*, 2 Cal.App.5th at p. 156.) Section 666 has thus been construed as "unambiguously" expressing the intent to make both adult and juvenile sex offenders ineligible for relief. (*Dunn*, *supra*, 2 Cal.App.5th at p. 157.)

Pursuant to the foregoing analysis, we hold that prior juvenile adjudications constitute "prior convictions" within the meaning of section 1170.18(i) if they would be treated as such under section 667, subdivision (d). The prerequisite conditions are as follows: (1) the juvenile was 16 years of age or older at the time he or she committed the prior offense; (2) the prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or is described as a serious and/or violent felony in subdivision (d)(1) or (d)(2) of section 667 of the Penal Code; (3) the juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law; and (4) the juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of

11.

the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code. (§ 667, subd. (d)(3)(A)-(D).) Therefore, a juvenile adjudication for an offense listed in section 667, subdivision (e)(2)(C)(iv) or section 290, subdivision (c) is not a prior conviction for purposes of section 1170.18(i) unless the conditions listed in section 667, subdivision (d)(3) are satisfied.

**Sufficiency of the Evidence**

With regard to the People's allegation that he has a disqualifying prior conviction, Fernandez complains "[t]he prosecutor failed to specify what this offense was or when it occurred and did not present any evidence to support this assertion…." We interpret these arguments as a challenge to the sufficiency of the evidence supporting the trial court's ruling. The challenged orders are presumed correct, and all reasonable inferences are drawn in favor thereof, but the trial court's express and implied findings must nevertheless be supported by substantial evidence. (*Sledge*, *supra,* 7 Cal.App.5th at pp. 1095, 1103.) In this context, substantial evidence refers to " 'evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could' [citation] make the historical factual finding [of a disqualifying prior conviction] under the preponderance of the evidence standard." (*Id.* at p. 1096.)

As discussed, the trial court denied Fernandez's petitions "because he has to register per Penal Code [section] 290." Insofar as the trial court was referring to a prior juvenile adjudication for an offense listed in section 290, subdivision (c), we have explained why such circumstances are not necessarily dispositive of the eligibility issue. If Fernandez's juvenile adjudications for sex offenses are limited to those reflected in the records of which we have taken judicial notice, at least one of them does *not* constitute a prior conviction for purposes of section 1170.18(i). The minute order from the November 18, 1999 hearing indicates Fernandez was 15 years old when he admitted to allegations of violating section 288, subdivision (b)(1), which means the underlying

12.

incident must have occurred prior to his sixteenth birthday. Because he was not 16 years of age or older at the time he committed the offense, this prior juvenile adjudication does not render him ineligible for relief. (§ 667, subd. (d)(3)(A); *Dunn*, *supra*, 2 Cal.App.5th at p. 156, fn. 3.)

The second judicially noticed document shows Fernandez was adjudicated of committing a "PC 288" offense at the age of 17. His briefs allege this was for a violation of section 288, subdivision (a), but we find nothing in the record to substantiate that contention. The missing information is critical because section 288, subdivision (a) is not an offense listed in Welfare and Institutions Code section 707, subdivision (b), which means an adjudication for that offense is unlikely to qualify as a prior conviction within the meaning of section 1170.18(i). (See § 667, subd. (d)(3)(D); *In re C.H.* (2011) 53 Cal.4th 94, 99, fn. 3; *People v. Cole* (2007) 152 Cal.App.4th 230, 236 (*Cole*).) "[A] section 288, subdivision (a) adjudication is a strike [i.e., a prior conviction as defined by section 667, subdivision (d)] only if, in the same prior juvenile case, the ward was adjudged as such based not only on the section 288, subdivision (a) finding but also on a finding the ward committed another offense, one listed in Welfare and Institutions Code section 707, subdivision (b)." (*Cole*, *supra*, 152 Cal.App.4th at p. 236.)

We cannot ascertain from the record whether Fernandez has a disqualifying prior juvenile adjudication. Because the trial court's finding that he is ineligible for relief under section 1170.18 is not supported by substantial evidence, we reverse and remand for further proceedings.

## DISPOSITION

The orders appealed from are reversed and the matter is remanded for further proceedings in accordance with section 1170.18. On remand, if the trial court rules on the merits of the petitions without a hearing, it should describe the evidentiary basis for its factual findings. Alternatively, the trial court may hold a hearing and provide the

13.

parties an opportunity to present additional evidence with regard to Fernandez's eligibility for relief in light of this opinion.

                                               _____

                                               GOMES, Acting P.J.

WE CONCUR:

_____

PEÑA, J.

_____

SMITH, J.

14.