Filed 4/30/21  P. v. Wrobel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C081210, C080296 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037951) |
| v. | |
| CAREY GENE WROBEL, | |
| Defendant and Appellant. | |

In 2014, defendant entered a plea of no contest to two counts of second degree commercial burglary related to thefts from a retail store.  (Pen. Code, § 459.)[1]  Defendant was sentenced to three years' probation, but subsequently violated his probation and was sentenced to three years eight months. The trial court denied defendant's Proposition 47

---

[1] Further undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

section 1170.18 petition to reduce two convictions for commercial burglary (Pen. Code, § 459) to misdemeanors based on his prior juvenile adjudication of a violation of section 288, subdivision (a).

We shall reverse and remand the matter for further proceedings in accordance with section 1170.18 and consistent herewith.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the probation report, on three separate dates in 2012, defendant entered a Radio Shack store in Butte County, took merchandise from the shelves, concealed it, and exited the store without paying. In each of the first two instances, the value of the merchandise was $149.99, and on the third occasion, the value of the merchandise was $49.99.

Defendant was charged with three counts of second degree burglary (§§ 459, 460; counts 1-3). Defendant ultimately entered a plea of no contest to counts 1 and 2. Under the plea agreement, count 3 was dismissed with a *Harvey*[2] waiver. As a result of the convictions, defendant was found in violation of probation in an unrelated case.

The trial court sentenced defendant on April 3, 2014. The trial court suspended imposition of sentence and placed defendant on formal probation with specified conditions for a period of three years and ordered defendant to serve 60 days in county jail with credit for nine days served. On a probation violation involving a misdemeanor case, the trial court revoked probation as terminated unsuccessfully and ordered defendant to serve 60 days concurrently.

On July 29, 2014, the Butte County Probation Department filed a petition for a hearing for a violation of probation. According to the petition, on or about June 24, 2014, defendant provided a urine sample that tested positive for methamphetamine. On August

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

21, 2014, defendant appeared before the trial court and admitted that he provided a urine sample that tested positive for methamphetamine.

On September 18, 2014,[3] the trial court revoked probation and sentenced defendant to an aggregate term of three years eight months in prison calculated as follows:  the upper term of three years on count 1, and eight months (one-third the midterm) on count 2, to run consecutively to the principal term.[4]

### Petition for Resentencing

Defendant filed petitions for resentencing pursuant to Proposition 47 and section 1170.18 dated November 6 and 7 and December 6, 2014.[5]

---

[3]  The Reporter's Transcript for this sentencing is erroneously dated September 18, 2015.

[4]  We note that, in sentencing defendant, rather than stating that the sentence imposed on count 2, the subordinate term, would be one-third the midterm as prescribed by section 1170.1, subdivision (a), the trial court purported to impose the midterm on count 2 but stay all but one-third of that sentence, or eight months (at another point, the court stated that it was "imposing the upper term as the base term").  Section 1170.1, subdivision (a), sets forth the law concerning consecutive sentencing on subordinate terms.  With few exceptions not applicable here, "[t]he subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed." (§ 1170.1, subd. (a); *People v. Felix* (2000) 22 Cal.4th 651, 655 ["in general (there are exceptions), the court imposes only 'one-third of the middle term' for subordinate terms"].)  There is no provision in law authorizing the court to impose a full-term sentence and then stay all but one-third the midterm.  The proper way of imposing the subordinate term sentence is to impose "one-third of the middle term" and articulate the number of months or years that equates to one-third of the middle term.  (See Couzens, Bigelow & Pricket, Sentencing Cal. Crimes (The Rutter Group 2016), Multiple Counts, § 13:19 [noting that "[i]t is not appropriate, for example, to impose the full middle term and suspend all but one-third"].)  Ultimately, because the trial court did subsequently pronounce that it was imposing one-third the midterm on count 2, it imposed the correct term of eight months on count 2 which is accurately reflected in the abstract of judgment.

[5]  Defendant filed additional, essentially identical, petitions for resentencing on or about August 11, 2015, October 1, 2015, and October 8, 2015.

3

The prosecutor opposed defendant's petition for resentencing, asserting among other things, that, on or about September 26, 1991, defendant, who was 17 years old at the time, was adjudicated in juvenile court to have violated section 288, subdivision (a). The prosecutor asserted that defendant was subject to sections 667, subdivision (d)(3), and 1170, subdivision (b)(3),[6] rendering him ineligible for Proposition 47 relief.

In his written response, defendant asserted that juvenile adjudications were not "convictions" for any purpose, whereas sections 667, subdivision (d)(3), and 1170.12, subdivision (b)(3), applied only to convictions. Therefore, these sections did not render him ineligible for Proposition 47 resentencing. Defendant also asserted that he did not commit an offense that required him to register pursuant to section 290, subdivision (c). Defendant further asserted that the remoteness of his juvenile adjudication, which occurred in 1991, should be a factor considered in the court's discretion in determining whether defendant should be eligible for Proposition 47 resentencing. He emphasized that Proposition 47 is to be construed liberally to effectuate its purposes.

In reply, the prosecutor emphasized that section 667, subdivision (d)(3), specifies: "A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction for purposes of sentence enhancement if the juvenile was 16 years of age or older at the time [he or she] committ[ed] the prior offense. As the law appears to allow an aggravation or enhancement based on a juvenile adjudication, by analogy the adjudication would be able to block a reduction as well." (Bold and italics omitted.) The prosecution further asserted that, while registration was neither mandatory nor ordered at the time of defendant's juvenile adjudication, the law had changed and registration could be made retroactive.

---

[6] It appears that the prosecution intended to refer to section 1170.12, subdivision (b)(3), which mirrors 667, subdivision (d)(3).

4

**First Order Denying Petition for Resentencing**

On March 20, 2015, the trial court denied defendant's petition for resentencing. The trial court stated: "I think that there's a very real and compelling reason as to why there was an exclusion as to this kind of charge, and the Court does not believe that fact that he was a minor at the time is determinative and the petition will be denied." In the minute order, the trial court stated its determination that the "[c]rime/conviction does not fall within the parameters of PC 1170.18."

Following several unsuccessful attempts to appeal from the March 20, 2015, denial this court granted defendant's request for permission to file a notice of appeal under the constructive filing doctrine.

**Vacatur of First Order Denying Petition for Resentencing**

After the denial, the judge discovered he had previously been challenged pursuant to Code of Civil Procedure section 170.6 on one of the cases and agreed to honor defendant's peremptory challenge. On November 20, 2015, the trial court vacated the March 20, 2015, order denying defendant's petition for Proposition 47 resentencing.

**Second Order Denying Petition for Resentencing**

On January 14, 2016, a different judge denied defendant's petition for Proposition 47 resentencing. The court concluded that, contrary to defendant's argument, a juvenile adjudication is treated the same as a conviction for purposes of Proposition 47 ineligibility. Based on that conclusion, the trial court determined that defendant was not eligible for Proposition 47 relief based on his prior juvenile adjudication for having violated section 288, subdivision (a). In the minute order, the trial court indicated that defendant was "[i]neligible based on a prior offense/conviction." Defendant filed another notice of appeal.

On October 3, 2016, this court granted defendant's motion to consolidate the two appeals for purposes of oral argument and decision. On July 28, 2017, we requested supplemental briefing on whether the appeal from the March 20, 2015, order should be

5

dismissed as moot.  The parties each filed supplemental letter briefs taking the position that there is no reason not to dismiss the appeal from the March 20, 2015 order.

## DISCUSSION

### I. Proposition 47

Proposition 47, among other things, added section 459.5, defining shoplifting, to the Penal Code.  That section provides in pertinent part:  "(a)  Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). . . .  Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170."

Proposition 47 also created a resentencing provision, codified in section 1170.18, which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony to a misdemeanor. (§ 1170.18, subds. (a), (b).)  If the prior conviction qualifies, the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)

Subdivision (i) of section 1170.18 provides:  "The provisions of this section shall not apply to persons who have one or more prior *convictions* for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."  (Italics added.)  We will discuss additional relevant statutory provisions *post*.

6

## II. Additional Background and Defendant's Contentions

The probation report prepared for defendant's initial sentencing in this case contains the Butte County Probation Department's criminal record summary for defendant. The criminal record summary indicates that on August 9, 1991, defendant was arrested and charged with, among other things, violation of section 288, subdivision (a).[7] It further indicates that, on September 26, 1991, defendant was adjudicated to have violated that provision, wardship was declared, and he was ordered to serve 30 days in juvenile hall. On November 16, 1993, wardship was dismissed. No additional information or documentation concerning this 1991 juvenile adjudication is contained in the record on appeal.

Defendant asserts that the trial court erred in denying his Proposition 47 petition for resentencing. He contends he does not have a prior "conviction" for violation of section 288, subdivision (a), within the meaning of section 1170.18, subdivision (i), but rather only a prior juvenile adjudication. According to defendant, the plain language of section 1170.18, subdivision (i), makes clear that it applies only to convictions, not juvenile adjudications. Defendant also states he is not required to register as a sex offender pursuant to section 290. He further asserts that the prosecution failed to meet its burden of establishing he was ineligible for resentencing on the basis that his prior juvenile adjudication was a serious or violent felony within the meaning of section 667. Specifically, defendant asserts that, while the record may be sufficient to establish his age at the time of his arrest and at the time of his adjudication for violation of section 288,

---

[7] In 1991, former section 288, subdivision (a), read: "Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years." (Former § 288, subd. (a), as amended by Stats. 1989, ch. 1402, § 3.)

7

subdivision (a), there is nothing in the record to establish his age at the time he committed the prior offense.

### III. Analysis

### A. Prosecution's Burden of Proof

"Proposition 47, . . . requires the petitioning defendant to establish his or her *initial eligibility* for relief—which, . . . is a prior felony conviction that would have been a misdemeanor if Proposition 47 had been in effect at the time of the offense. [Citations.] . . . 'Proposition 47 then allows the prosecution the opportunity to oppose the petition by attempting to establish that the petitioning defendant is *ineligible* for resentencing. [Citation.] This may be accomplished either (1) by rebutting the petitioning defendant's evidence, thereby demonstrating that the petitioning defendant would *not* have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense [citation], or (2) by demonstrating that the petitioning defendant suffered a conviction of one or more of the offenses specified in section 1170.18, subdivision (i).' " (*People v. Sledge* (2017) 7 Cal.App.5th 1089, 1094 (*Sledge*).) The prosecution bore the burden of proving a disqualifying prior conviction by a preponderance of the evidence. (*Id*. at p. 1095.)

### B. Disqualifying Juvenile Adjudications

As stated *ante*, subdivision (i) of section 1170.18 provides: "The provisions of this section shall not apply to persons who have one or more prior *convictions* for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (Italics added.) Section 667, subdivision (e)(2)(C)(iv), provides that, if "a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision

8

(e) unless the prosecution pleads and proves . . . . :  [¶]  . . . [¶]  (iv)  The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section," for any of a list of enumerated felonies.  (§ 667, subd. (e)(2)(C)(iv), italics added.)

Subdivision (d)(3) of section 667 expressly addresses juvenile adjudications.  That subdivision provides:  "A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction for purposes of sentence enhancement if:  [¶]  (A)  The juvenile was 16 years of age or older at the time he or she committed the prior offense.  [¶]  (B)  The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a serious and/or violent felony.  [¶]  (C)  The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.  [¶]  (D)  The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code."  (§ 667, subd. (d)(3).)

The Fourth Appellate District, Division Three, held in *Sledge* that, reading the relevant statutes together, and affording the unambiguous words in them their usual and ordinary meaning, "a felony juvenile adjudication is a disqualifying prior conviction within the meaning of section 1170.18(i):  if it is one of the super strike offenses listed in section 667(e)(2)(C)(iv); if it is either an offense listed in Welfare and Institutions Code section 707, subdivision (b), or an offense described in section 667(d), paragraph (1) or (2) as a serious or violent felony; and if all of the other conditions set out in section 667(d)(3) are satisfied."  (*Sledge, supra*, 7 Cal.App.5th at p. 1099.)  The *Sledge* court stated:  "Our conclusion that these specific felony juvenile adjudications are disqualifying prior convictions under section 1170.18(i) is consistent with at least one of the voter's expressed intents in enacting Proposition 47.  'Among its stated purposes is to "[e]nsure that people convicted of murder, rape, and child molestation will not benefit from this

9

act." ' [Citation.] [Citation.] [¶] Our conclusion is also consistent with two recent cases which held these same felony juvenile adjudications are disqualifying prior convictions for Proposition 36 resentencing purposes under the analogous provisions of section 1170.126, subdivision (e)." (*Sledge*, at pp. 1099-1100, fn. omitted.)

The *Sledge* court expressly rejected the argument made by defendant here: that "juvenile adjudications are not disqualifying prior convictions because section 1170.18(i) does not expressly refer to juvenile adjudications, and because juvenile adjudications have historically been treated differently than adult criminal convictions." (*Sledge, supra*, 7 Cal.App.5th at p. 1100.) The *Sledge* court stated: " 'Since the definition of "conviction of a serious and/or violent felony" contained in section 667(d) is incorporated . . . in section 1170.18(i), and since that definition specifically includes designated juvenile adjudications, . . . a person who has been adjudicated for an offense listed in section 667(d)(3) will be excluded . . . . *While juvenile "adjudications" and adult "convictions" are distinguished in many other contexts, for the purposes of the exclusion under section 1170.18(i), they are treated the same*.' " (*Sledge*, at p. 1100.) Further, the *Sledge* court stated that "the absence of any express reference to juvenile adjudications in section 1170.18 is easily explained. 'Section 1170.18's use of terms associated with adult criminal proceedings logically comports with the fact that the Penal Code and other codes defining crimes define the offenses primarily for use in the adult context, and that these substantive criminal offense provisions are then engrafted onto the juvenile proceedings in wholesale fashion by means of Welfare and Institutions Code section 602.' " (*Sledge*, at p. 1100.)

Finally, the *Sledge* court stated that the rule of lenity, advocated by defendant here, "does not apply every time there are two or more reasonable interpretations of a penal statute. Rather, the rule applies ' " 'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify

10

invoking the rule.' [Citation.]" ' [Citation.] And '[n]o such ambiguity or uncertainty exists here.' " (*Sledge, supra*, 7 Cal.App.5th at p. 1101.)

After the publication of *Sledge*, the Fifth District Court of Appeal published *People v. Fernandez* (2017)11 Cal.App.5th 926 (*Fernandez*), in which it agreed with the analysis in *Sledge*, although it further found that *Sledge*'s holding was not dispositive of all of the issues presented in *Fernandez*. (*Fernandez*, at p. 930.) The *Fernandez* court stated, in pertinent part: "We agree with the holding of *Sledge*, i.e., that a prior juvenile adjudication may constitute a disqualifying prior conviction within the meaning of section 1170.18(i) if all of the conditions set forth in section 667, subdivision (d) are satisfied. [Citation.] This is so because ' "the definition of 'conviction of a serious and/or violent felony' contained in section 667(d) is incorporated . . . in section 1170.18(i), and since that definition specifically includes designated juvenile adjudications . . . ." ' " (*Fernandez*, at p. 935.) The *Fernandez* court held: "prior juvenile adjudications constitute 'prior convictions' within the meaning of section 1170.18(i) if they would be treated as such under section 667, subdivision (d). The prerequisite conditions are as follows: (1) the juvenile was 16 years of age or older at the time he or she committed the prior offense; (2) the prior offense is listed in subdivision (b) of section 707 of the Welfare and Institutions Code or is described as a serious and/or violent felony in subdivision (d)(1) or (2) of section 667 of the Penal Code; (3) the juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law; and (4) the juvenile was adjudged a ward of the juvenile court within the meaning of section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of section 707 of the Welfare and Institutions Code. [Citation.] Therefore, a juvenile adjudication for an offense listed in section 667, subdivision (e)(2)(C)(iv) or section 290, subdivision (c) is not a prior conviction for purposes of section 1170.18(i) unless the conditions listed in section 667, subdivision (d)(3) are satisfied." (*Fernandez*, at p. 937.)

11

We agree with the analyses of the *Sledge* and *Fernandez* courts. As a general matter, certain juvenile adjudications may disqualify a defendant from Proposition 47 resentencing based on section 1170.18, subdivision (i), notwithstanding the fact that that section refers to "convictions" rather than "juvenile adjudications." However, to constitute a disqualifying prior conviction within the meaning of section 1170.18, subdivision (i), the prior juvenile adjudication must satisfy all of the requirements set forth in section 667, subdivision (d)(3).

### C. Defendant's Juvenile Adjudication

As the *Fernandez* court held, pursuant to the statutory scheme, "prior juvenile adjudications constitute 'prior convictions' within the meaning of section 1170.18(i) if they would be treated as such under section 667, subdivision (d)." (*Fernandez, supra*, 11 Cal.App.5th at p. 937; see *Sledge, supra*, 7 Cal.App.5th at p. 1099.) As noted, subdivision (d) of section 667, provides, in pertinent part: "A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction for purposes of sentence enhancement if: [¶] (A) The juvenile was 16 years of age or older at the time he or she committed the prior offense. [¶] (B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a serious and/or violent felony. [¶] (C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law. [¶] (D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code." (§ 667, subd. (d)(3).)

Therefore, even assuming the prosecution established that defendant was 16 years old or older at the time he committed the offense (which we discuss further *post*), acknowledging that violation of section 288, subdivision (a), is an offense "described in paragraph (1) or (2) [of section 667, subdivision (d)] as a serious and/or violent felony," and assuming defendant as a juvenile was found to be a fit and proper subject to be dealt

12

with under the juvenile court law, the prosecution also had to establish that defendant "was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code *because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code*." (§ 667, subd. (d)(3), italics added.)

In construing the language of section 667, subdivision (d)(3), particularly the italicized language of paragraph (D) and its interplay with paragraph (B), in the context of a "Three Strikes" law case, our high court in *People v. Garcia* (1999) 21 Cal.4th 1, 6 (*Garcia*), stated: "Paragraph (B) disjunctively cross-references three statutory lists of offenses: the list in Welfare and Institutions Code section 707(b), which establishes a rebuttable presumption of unfitness for treatment under the juvenile court law for juveniles charged with such offenses [citation]; the list of 'serious' offenses in section 1192.7, subdivision (c); and the list of 'violent' offenses in section 667.5, subdivision (c). The latter two lists delineate, through cross-referencing in subdivision (d)(1) and (2) of section 667, the set of offenses that qualify as strikes when they are the subject of a prior adult conviction. [¶] Paragraph (D), by contrast, refers only to a single statutory list: that contained in Welfare and Institutions Code section 707(b). [¶] Because the two sets of offenses referenced in paragraph (B) (Welfare and Institutions Code section 707(b) offenses, and 'serious' or 'violent' offenses) are not identical, section 667, subdivision (d)(3) would contain an internal conflict if the lists in paragraphs (B) and (D) were both understood as defining the set of juvenile offenses qualifying as strikes. Under paragraph (B) a given juvenile offense would qualify if it were listed in section 707(b) *or* if it were serious or violent; under paragraph (D), however, an offense would qualify *only* if it were listed in section 707(b). Because burglary of an inhabited dwelling is listed as 'serious' [citation], but is not listed in section 707(b), defendant's prior juvenile adjudication for residential burglary would qualify under paragraph (B), but not under paragraph (D). [¶] The parties' briefs, lower court opinions and our own research have disclosed a number

13

of possible resolutions of this postulated internal conflict, all based on the premise that the distinction between paragraphs (B) and (D) of section 667, subdivision (d)(3) is a result of 'drafting error.' As we demonstrate later, however, each such resolution would require the court to disregard one of the two assertedly conflicting paragraphs or to rewrite some of their provisions. Although we may properly decide upon such a construction or reformation when compelled by necessity and supported by firm evidence of the drafters' true intent [citation], we should not do so when the statute is reasonably susceptible to an interpretation that harmonizes all its parts without disregarding or altering any of them. 'It is fundamental that legislation should be construed so as to harmonize its various elements without doing violence to its language or spirit.' [Citation.] [¶] Rather than rewrite the statute in any way, therefore, we adopt an interpretation that harmonizes paragraphs (B) and (D), without doing violence to the language or spirit of section 667, subdivision (d)(3). In brief, we interpret paragraph (B) as setting out the list of prior juvenile offenses that will qualify as strikes and paragraph (D) as requiring, in addition, that in the prior juvenile proceeding giving rise to the qualifying adjudication the juvenile have been adjudged a ward of the court because of a Welfare and Institutions Code section 707(b) offense, whether or not that offense is the same as the offense currently alleged as a strike." (*Garcia*, at pp. 5-6.) In short, our high court stated: "Under paragraph (B), a prior juvenile adjudication qualifies as a prior felony conviction for Three Strikes purposes only if the prior offense is listed in Welfare and Institutions Code section 707(b) or is classified as 'serious' or 'violent.' Paragraph (D) does not modify or conflict with paragraph (B), but states a separate, additional requirement: the prior adjudication qualifies as a prior felony conviction only if the defendant, in the prior juvenile proceeding, was adjudged a ward because of at least one offense listed in section 707(b)." (*Garcia*, at p. 13.)

Section 288, subdivision (a), is not listed in Welfare and Institutions Code section 707, subdivision (b). Therefore, to satisfy this last requirement of section 667,

subdivision (d)(3), the prosecution would have to establish that, at the time of his juvenile adjudication for violation of section 288, subdivision (a), defendant also, in the same case, sustained a juvenile adjudication for violation of another offense which is listed in Welfare and Institutions Code section 707, subdivision (b).  (See *Garcia, supra*, 21 Cal.4th at pp. 3, 5-6, 13; *Fernandez, supra*, 11 Cal.App.5th at p. 938 [section 288, subdivision (a) is not an offense listed in Welfare and Institutions Code section 707, subdivision (b), which means an adjudication for that offense is unlikely to qualify as a prior conviction within the meaning of section 1170.18, subdivision (i); a section 288, subdivision (a) adjudication is a strike within the meaning of section 667, subdivision (d), only if, in the same prior juvenile case, the ward was adjudged as such based not only on the section 288, subdivision (a) violation but also on a finding that the ward committed another offense, one listed in Welfare and Institutions Code section 707, subdivision (b)]; *People v. Cole* (2007) 152 Cal.App.4th 230, 236 (*Cole*) [same].)

There is nothing in the record to suggest, and the People do not assert, that, at the time defendant sustained his prior juvenile adjudication for violation of section 288, subdivision (a), he also, in the same case, was adjudged a ward based on a finding that he committed another offense, one listed in Welfare and Institutions Code section 707, subdivision (b).  Therefore, while, as a general matter, a prior juvenile adjudication may constitute a disqualifying prior conviction within the meaning of section 1170.18, subdivision (i), barring a defendant from Proposition 47 resentencing (*Fernandez, supra*, 11 Cal.App.5th at p. 935; *Sledge, supra*, 7 Cal.App.5th at p. 1100), here, defendant's prior juvenile adjudication does not constitute a disqualifying prior conviction because it is not listed in Welfare and Institutions Code section 707, subdivision (b), it did not occur in a case in which defendant was determined to have committed an additional offense which was listed in that section, and it therefore does not satisfy all of the requirements of section 667, subdivision (d)(3).  (*Garcia, supra*, 21 Cal.4th at pp. 3, 5-6, 13; *Fernandez,* at p. 938; *Cole, supra*, 152 Cal.App.4th at p. 236.)

15

In addition to the fact that the prosecution did not establish that defendant's prior juvenile adjudication satisfied the requirements in section 667, subdivision (d)(3)(D), we also note that the prosecution failed to meet its burden of establishing that defendant was 16 years of age or older at the time he committed the prior offense as required by section 667, subdivision (d)(3)(A). The trial court denied defendant's petition based on his prior juvenile adjudication that he violated section 288, subdivision (a), in 1991. The presentence probation report indicates that defendant was born on October 3, 1974. Defendant was arrested for the violation of section 288, subdivision (a), on August 9, 1991, and he was adjudicated on September 26, 1991. Thus, at the time of his arrest and the adjudication, defendant was 16 years old. However, the record on appeal is completely silent on the question of defendant's age "at the time he . . . committed the prior offense." (§ 667, subd. (d)(3)(A).) Therefore, for this reason, too, the prosecution failed to meet its burden of establishing the existence of a prior disqualifying offense rendering defendant ineligible for Proposition 47 resentencing pursuant to section 1170.18, subdivision (i).

### D.  Sex Registration Disqualification

In addition to addressing juvenile adjudication offenses that will be deemed disqualifying offenses as offenses specified in section 667, subdivision (e)(2)(C)(iv), the *Fernandez* court also addressed juvenile adjudication offenses that will be deemed disqualifying offenses because they are offenses "requiring registration pursuant to" section 290, subdivision (c). (§ 1170.18, subd. (i).) The *Fernandez* court concluded that "a juvenile adjudication for an offense listed in section 290, subdivision (c) does not constitute a prior conviction for purposes of section 1170.18(i) unless the prerequisite conditions listed in section 667, subdivision (d)(3) are also satisfied." (*Fernandez, supra*, 11 Cal.App.5th at p. 930.)

In reaching this determination, the *Fernandez* court observed that section 1170.18 precludes relief for persons with a *conviction* of an offense set forth in section 667,

16

subdivision (e)(2)(C)(iv), " '*or for an offense requiring registration pursuant to subdivision (c) of Section 290*.' " (*Fernandez, supra*, 11 Cal.App.5th at p. 936, quoting § 1170.18, subd. (i), italics added.)  The court then stated:  "[h]owever, a juvenile adjudication for an offense listed in section 290, subdivision (c) does not require registration pursuant to that code section.  Such individuals are required to register as sex offenders pursuant to section 290.008, which was enacted well before the passage of Proposition 47.  More importantly, not all juvenile adjudications for offenses listed in section 290, subdivision (c) qualify as convictions under section 667, subdivision (d)." (*Fernandez*, at p. 936.)

The *Fernandez* court continued:  " 'It is a settled rule of statutory construction that "where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed." ' [Citation.]  Section 1170.18(i) incorporates portions of section 667 and section 290, but only the former defines a conviction to include certain juvenile adjudications.  Section 290, subdivision (c) makes no mention of juvenile adjudications nor does it expressly or impliedly supersede Welfare and Institutions Code section 203. [8]  If the electorate had wanted all juvenile adjudications for offenses listed in section 290, subdivision (c) to be treated as disqualifying convictions, the statute could have easily been worded to reflect such an intent.  For example, section 666, which was amended by Proposition 47, is an exclusionary provision that applies to 'any person who is required to register pursuant to the Sex Offender Registration Act, or who has a prior violent or serious felony conviction, as specified in clause (iv) of subparagraph (C) of

---

**8** Welfare and Institutions Code section 203 provides:  "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding." With regard to supersession, unlike section 290, section 667, subdivision (d), contains a provision stating that it is applicable "[n]otwithstanding any other law . . . ." (§ 667, subd. (d).)

17

paragraph (2) of subdivision (e) of Section 667 . . . .' [Citation.] The Sex Offender Registration Act encompasses sections 290 to 290.024, which includes the statute governing juvenile sex offender registration, section 290.008. [Citations.] Section 666 has thus been construed as 'unambiguously' expressing the intent to make both adult and juvenile sex offenders ineligible for relief." (*Fernandez, supra*, 11 Cal.App.5th at p. 936.) The *Fernandez* court thus noted that it was "not persuaded by the dicta contained in a footnote at the end of the *Sledge* opinion, which arguably implies that any prior adjudication for an offense listed in section 290, subdivision (c) must always be treated as a disqualifying prior conviction." (*Fernandez*, at p. 935, fn. omitted, citing *Sledge, supra*, 7 Cal.App.5th at p. 1104, fn. 6.)[9]

On this rationale, the *Fernandez* court held: "prior juvenile adjudications constitute 'prior convictions' within the meaning of section 1170.18(i) if they would be treated as such under section 667, subdivision (d)." (*Fernandez, supra*, 11 Cal.App.5th at p. 937.) Thus, the *Fernandez* court held that, as with juvenile adjudications of offenses specified in section 667, subdivision (e)(2)(C)(iv), juvenile adjudication of offenses described in section 1170.18, subdivision (i), as "requiring registration pursuant to subdivision (c) of Section 290" have to satisfy the requirements of section 667,

---

**9** Footnote six in *Sledge* states: "We have affirmed on the only grounds actually considered by the trial court and briefed by the parties in this appeal—defendant's felony juvenile adjudication for forcible rape is a disqualifying prior conviction because it is, 'for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 . . . .' [Citation.] However, there appears to be alternative grounds for reaching the same result. Defendant's felony juvenile adjudication for forcible rape may also be a disqualifying prior conviction because it is 'for an offense requiring registration pursuant to subdivision (c) of Section 290.' [Citation.] It is indisputable that rape by force is an offense requiring such registration. [Citations.] Plus it makes no difference that defendant was not and perhaps could not have been ordered to register. The emphasis in section 1170.18(i) is on the conviction for an *offense* requiring registration, not the registration status of the *offender*." (*Sledge, supra*, 7 Cal.App.5th at p. 1104, fn. 6.)

18

subdivision (d)(3), in order to constitute a disqualifying offense within the meaning of section 1170.18, subdivision (i). (*Fernandez*, at p. 936.)

We agree with the *Fernandez* court's reasoning and conclusion on this issue and adopt it as our own. We, too, disagree with *Sledge, supra*, 7 Cal.App.5th at page 1104, footnote six, to the extent that the footnote can be read as to suggest that a juvenile adjudication of any offense requiring registration pursuant to section 290, subdivision (c), is a disqualifying offense within the meaning of section 1170.18, subdivision (i), without reference to section 667, subdivision (d)(3). (*Fernandez, supra*, 11 Cal.App.5th at p. 935.) We have concluded that, for a juvenile adjudication to constitute a disqualifying "conviction," within the meaning of section 1170.18, subdivision (i), it must meet the requirements of section 667, subdivision (d)(3). Therefore, the mere fact that a particular offense appears in section 290, subdivision (c), does not mean that an individual who sustained a juvenile adjudication of that offense will be disqualified from the provisions of section 1170.18 where the juvenile adjudication does not meet the requirements of section 667, subdivision (d)(3).

*****

19

## DISPOSITION

The appeal from the order dated March 20, 2015, is dismissed as moot.  The order dated January 14, 2016, is reversed, and the matter is remanded for further proceedings on the petition consistent herewith and in accordance with section 1170.18.


<u>       /s/            </u>
MURRAY, J.


We concur:


<u>     /s/          </u>
RAYE, P. J.


<u>     /s/          </u>
RENNER, J.